**BADGETT, Appellee,**

v.

**BADGETT, Appellant.**

[Cite as *Badgett v. Badgett* (1997), 120 Ohio App.3d 448.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 95 C.A. 197.

Decided July 15, 1997.

*Eugene B. Fox*, for appellee.

*Mary Jane Stephens*, for appellant.

WAITE, Judge.

Beverly Badgett McIntyre, appellant, and Steven Badgett, appellee, were divorced on March 10, 1993. The parties had one minor child, Jarrod Steven Badgett. Incorporated into the final divorce decree was a shared parenting plan. This plan provided that Jarrod remain in the Mt. Olivet preschool program and that if the parties could not agree upon a school district once Jarrod reached school age, the matter would be submitted to the court for its determination.

Ultimately, the parties could not agree. Appellee father filed a motion requesting that Jarrod be enrolled in the Western Reserve School District. Appellant mother filed a motion in opposition and requested that Jarrod be enrolled in the South Range School District. Appellant also filed a motion to have a guardian *ad litem* appointed for Jarrod.

A hearing was held on both motions on August 18, 1995. The court refused to interview Jarrod and granted appellee's motion to have Jarrod enrolled in the Western Reserve School District on September 5, 1995. The court overruled appellant's motion for appointment of a guardian *ad litem* on September 8, 1996. This timely appeal followed.

Appellant presents one assignment of error on appeal, but this assignment has two prongs. First, appellant argues that the court abused its discretion in failing to interview the minor child. Secondly, appellant argues that the court abused its discretion in overruling the motion to appoint a guardian *ad litem* for Jarrod. For the following reasons, the assignment of error has merit on both issues, and the decision of the trial court is reversed.

R.C. 3109.04 deals with parental rights and responsibilities, shared parenting, modifications of orders, best interests of the child, and the child's wishes. This section sets out in great detail the court's duties and responsibilities in dealing with these issues. R.C. 3109.04(A)(2) deals with motions for shared parenting plans, and gives discretion to the court to "allocate the parental rights and responsibilities for the care of the children to both parents and issue a shared parenting order requiring the parents to share all or some of the aspects of the physical and legal care of the children."

R.C. 3109.04(B)(1) states:

"When making the allocation of the parental rights and responsibilities for the care of the children under this section in an original proceeding or in *any* proceeding for modification of a prior order of the court making the allocation, the court shall take into account that which would be in the best interest of the children. In determining the child's best interest for purposes of making its allocation of the parental rights and responsibilities for the care of the child *and for purposes of resolving any issues related* to the making of that allocation, the court, in its discretion, may and, *upon the request of either party, shall interview in chambers* any or all of the involved children regarding their wishes and concerns with respect to the allocation." (Emphasis added.)

The plain language of this statute absolutely mandates the trial court judge to interview a child if either party requests the interview. An interview is discretionary only if no party requests it; if a party to the allocation hearing makes the request, the court "shall" interview the child or children.

■ In the present matter, the parties were before the court on cross-motions to determine the child's school district. One of the duties incumbent upon a parent is seeing to the education of his or her school-age child, and it is the responsibility of every parent to see to it that his or her child receives an education, at least until that child is of an age to make his or her own decision on the matter. For this reason, the hearing held on August 18, 1995 was for allocation of parental rights and responsibilities for the care of this child. Further, the trial court itself referred to the motions as requests for modification of the shared parenting plan, both at the outset of the hearing and in its journal entry. Therefore, this matter falls squarely within the realm covered by R.C. 3109.04(B)(1).

■ While neither party filed a written motion requesting the court to interview the child, appellant did file a written motion requesting the appointment of a guardian *ad litem*. At the beginning of the hearing on the matter, the court addressed the issue by stating that, as he did not intend to interview the child, no guardian would be appointed. The court did recognize that if he were to interview the child, he "might then be compelled to appoint a guardian ad litem." At that point, appellant's counsel stated, "Your honor, we also request that you do interview the child. That is a motion we're placing on the record now". The court ruled that the decision as to what school to attend was not a decision on which one would defer to a six-year-old child who had no prior experience with school and that a child younger than seven was not able to "convey clearly and articulate certain things of value to the Court in an interview." Therefore, the court stated, no interview would be held and no guardian appointed.

Counsel for appellant objected for the record several times to the lack of an interview with the child. She stated that such an interview would show for the record how closely Jarrod had bonded with his friends at preschool and how important those bonds had become to him, information that would be useful in a determination of the child's best interests. Appellant had Jarrod's preschool teacher, Jenny Jeffries, testify as to whether it was important for Jarrod to remain with the children he had become friends with at preschool, children who were going to be enrolled for the most part in South Range School District. Jeffries testified that Jarrod's bonds with these children were extremely important:

"Well, it's important for their social skills. It's important for their development. When a child is going through disruption in his life, this is—his sense of security is his friends. His friends are very important to him. And he's made a lot of friends."

This court has previously dealt with the issue of whether a court must interview a child pursuant to R.C. 3109.04. In *Troll v. Troll* (Jan. 17, 1996),

Belmont App. No. 94–B–17, unreported, 1996 WL 19079, the trial judge failed to interview the minor children in chambers upon opposing parental motions to modify visitation and modify custody following a divorce action. Counsel for appellant had requested an interview pursuant to R.C. 3109.04(B)(1). In interpreting this section, this court held:

"Very obviously, it is discretionary with the judge in the absence of a motion from any of the parties to interview minor children in chambers. However, when either party moves the court to interview the children in chambers, it is mandatory that he conduct such an interview." *Id.* at *2.

In so ruling, we are cognizant that the trial court judge was very careful and conscientious in this matter, very deliberately weighing all of the evidence put before him, including appellant's arguments as to Jarrod's close bonds with his friends. While the trial judge may very well be correct in his assessment that a six-year-old child may have little real input in his choice of a school system, the state legislature made it abundantly clear that the judge must attempt to listen to that input when one party so requests. Pursuant to R.C. 3109.04(B)(2)(b), if the court then determines that the child "does not have sufficient reasoning ability to express his wishes and concern * * * [the court] shall not determine the child's wishes and concerns with respect to the allocation".

As to the matter of appointing a guardian *ad litem* of Jarrod R.C. 3109.04(B)(2) is equally clear:

"If the court interviews any child pursuant to division (B)(1) of this section all of the following apply:

"(a) The court, in its discretion, may and, *upon the motion of either parent, shall appoint a guardian ad litem* for the child." (Emphasis added.)

■ This language is virtually identical to the language mandating an interview if either party requests it. Thus, if a party requests an interview one must be given, and if a parent requests that a guardian *ad litem* be appointed the appointment must be made. Only if no request as to one or both is made by a party may the court use its discretion. See *State ex rel. Papp v. James* (1994), 69 Ohio St.3d 373, 632 N.E.2d 889.

Based on the foregoing, the judgment of the trial court is reversed, and this cause is remanded to that court for the trial judge to appoint a guardian *ad litem* and conduct an interview in chambers with the minor child.

*Judgment reversed*
*and cause remanded.*

GENE DONOFRIO and COX, JJ., concur.