OPINION
Plaintiff-appellant, Kim McClanahan fka Willenbrink, appeals the decision of the Clermont County Court of Common Pleas, Domestic Relations Division, modifying defendant-appellee, Michael Willenbrink's, parenting time with their son, Joshua Willenbrink, under a shared parenting plan.
Joshua was born to the parties on September 12, 1989. Michael and Kim were divorced on August 21, 1992, with the decree of divorce incorporating a shared parenting plan. On July 31, 1998, Michael filed a motion requesting a modification of his parenting time. Michael's new work schedule as a firefighter required that he work twenty-four hour shifts, with forty-eight hours off between shifts. This schedule prevented Michael from being able to exercise his parenting time as set forth in the original shared parenting plan.
A magistrate's hearing was held on Michael's motion on November 17 and December 31, 1998. The magistrate found that Michael proved that there had been a change of circumstances warranting a modification of the shared parenting plan. A final magistrate's hearing was held, and on June 28, 1999, the magistrate filed her decision granting Michael the requested modification of the shared parenting plan.
Kim timely filed objections to the magistrate's decision, as well as motions for a parental investigation and report, an incamera interview of Joshua, and appointment of a guardian adlitem for Joshua. The trial court interviewed Joshua in camera
on October 20, 1999. On November 1, 1999, the trial court filed a decision and entry overruling Kim's objections and adopting the magistrate's decision. On November 17, 1999, the trial court filed a decision denying Kim's motions for a parental investigation and report and for the appointment of a guardian adlitem for Joshua. Kim appeals, raising two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN FAILING TO APPOINT A GUARDIAN AD LITEM UPON APPELLANT'S MOTION WHERE IT CONDUCTED AN INTERVIEW OF THE CHILD.
Assignment of Error No. 2:
 THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING APPELLEE'S MOTION TO MODIFY PARENTING TIME.
In her first assignment of error, Kim contends that the trial court was required to appoint a guardian ad litem once the trial court decided to interview Joshua. She asserts that a guardian ad litem had to be appointed for Joshua upon her motions.
R.C. 3109.04 governs the procedure to be followed by the trial court concerning the adoption and modification of a shared parenting plan. R.C. 3109.04(A). R.C. 3109.04(B) provides:
 (B)(1) When making the allocation of the parental rights and responsibilities for the care of the children under this section in an original proceeding or in any proceeding for modification of a prior order of the court making the allocation, the court shall take into account that which would be in the best interest of the children. In determining the child's best interest for purposes of making its allocation of the parental rights and responsibilities for the care of the child and for purposes of resolving any issues related to the making of that allocation, the court, in its discretion, may and, upon the request of either party, shall interview in chambers any or all of the involved children regarding their wishes and concerns with respect to the allocation.
 (2) If the court interviews any child pursuant to division (B)(1) of this section, all of the following apply:
 (a) The court, in its discretion, may and, upon the motion of either parent, shall appoint a guardian ad litem
for the child.
R.C. 3109.04(B) is mandatory in nature, and the trial court must strictly follow its procedures. Once a motion is made to interview the child and appoint a guardian ad litem for the child, the trial court is required to conduct such an interview and appoint a guardian ad litem. State ex rel. Papp. v. James
(1994), 69 Ohio St.3d 373, 377; Badgett v. Badgett (1997),120 Ohio App.3d 448, 451-452; Naegele v. Naegele (Jan. 31, 1994), Clermont App. No. CA93-06-041, unreported, at 5-6. Failure to strictly follow the mandates of the statute is reversible error, even where the trial court has made a thoughtful and conscientious decision.Badgett, 120 Ohio App.3d at 452; Naegele, at 5-6.
In the instant case, Kim timely filed motions to interview Joshua in camera and to appoint a guardian ad litem for Joshua. The trial court interviewed Joshua, but failed to appoint a guardian ad litem to represent him. The trial court failed to follow the clear mandate of R.C. 3109.04(B)(2)(a). We must therefore vacate the decision of the trial court, and remand the cause for the appointment of a guardian ad litem for Joshua and for further proceedings. The first assignment of error is sustained.
In light of our resolution of the first assignment of error, the second assignment of error is moot.
Judgment vacated and remanded for further proceedings.
 _________________________ Presiding Judge YOUNG, J.
POWELL, P.J., and WALSH, J., concur.