DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, James Riggle, appeals from the judgment of the Wayne County Court of Common Pleas denying his motion to reallocate parental rights and responsibilities. We reverse.
A magistrate heard this matter on a complaint for divorce filed by Appellee, Janice Riggle. On February 19, 1999, the trial court granted the divorce. The divorce decree designated Appellee as the residential parent of the parties' child and granted Appellant visitation rights on the condition that he comply with a previously imposed counseling requirement.
Approximately one year later Appellant moved to reallocate parental rights and responsibilities. Shortly thereafter, the trial court issued an ex parte order which required Appellee and the child to maintain their current residential status throughout the pendancy of the proceedings. On April 20, 2000, Appellant moved the trial court to interview the child at the upcoming hearing, pursuant to R.C. 3109.04(B). The trial court denied the motion. Subsequently, Appellant moved the court to reconsider its decision regarding the interview, which the trial court denied.
On August 1, 2000, the magistrate denied Appellant's motion to reallocate parental rights, finding no change of circumstances that would warrant such a reallocation. Appellant filed objections to the magistrate's proposed findings. The trial court overruled the objections and adhered to the magistrate's proposed decision without separately stating its decision. Appellant moved the court for findings of fact and conclusions of law in order to obtain a final, appealable order. The trial court issued its findings on February 13, 2001. Appellant timely appealed raising three assignments of error, which have been rearranged for ease of review.
 ASSIGNMENT OF ERROR II
The trial court's finding that [Appellant] failed to establish the requisite change of circumstances necessary to warrant a modification of the current custody order is an error as a matter of law and is against the manifest weight of the evidence before the court.
In Appellant's second assignment of error, he contends that the trial court's finding that there was no change of circumstances warranting a reallocation of parental rights and responsibilities was against the manifest weight of the evidence and an abuse of the trial court's discretion. We agree.
This court applies the same standard in determining whether both criminal and civil judgments are against the manifest weight of the evidence. Frederick v. Born (Aug. 21, 1996), Lorain App. No. 95CA006286, unreported, at 14. Accordingly, we will only reverse a judgment as against the manifest weight of the evidence and order a new trial in the exceptional case where the judgment is "so manifestly contrary to the natural and reasonable inferences to be drawn from the evidence as to produce a result in complete violation of substantial justice[.]" Hardimanv. Zep Mfg. Co. (1984), 14 Ohio App.3d 222, 226, quoting Royer v. Bd. ofEducation. (1977), 51 Ohio App.2d 17, 20. In addition, we note that an order allocating parental rights and responsibilities cannot be reversed on appeal in the absence of an abuse of discretion by the trial court.Rowe v. Franklin (1995), 105 Ohio App.3d 176, 181. An abuse of discretion suggests more than an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. It implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Id.
The trial court's discretion in determining parental rights must remain within the confines of the relevant statutory provisions. Miller v.Miller (1988), 37 Ohio St.3d 71, 74. Particularly, modifying the allocation of parental rights and responsibilities is governed by R.C.3109.04(E)(1)(a), which states in pertinent part:
 The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree * * * that a change has occurred in the circumstances of the child, [or] his residential parent * * *, and that the modification is necessary to serve the best interest of the child.
Applying the statutory language requires the trial court to first determine whether a change of circumstances of the child or residential parent has occurred since the prior court order. Wyss v. Wyss (1982),3 Ohio App.3d 412, 414. A change in circumstances must be found before the trial court determines the best interest of the child. Zinnecker v.Zinnecker (1999), 133 Ohio App.3d 378, 383.
In the instant case, we must commence our analysis with a determination as to whether a change of circumstances existed. A "change of circumstances" is not defined by R.C. 3109.04; however, courts have defined this phrase to denote "an event occurrence, or situation which has a material and adverse effect upon a child." Rohrbaugh v. Rohrbaugh
(2000), 136 Ohio App.3d 599, 604-605. The "change must be of substance, not a slight or inconsequential change." Davis v. Flickinger (1997),77 Ohio St.3d 415, 418.
It is well-settled in Ohio that "a custodial parent's interference with visitation by a noncustodial parent may be considered as part of a `change of circumstances' which would allow for modification of custody."Holm v. Smilowitz (1992), 83 Ohio App.3d 757, 773. See, also, Beekman v.Beekman (1994), 96 Ohio App.3d 783, 792. Furthermore, we note that a change in residence of the custodial parent is a change of circumstances that may justify modification of the allocation of parental rights and responsibilities under R.C. 3109.04(E)(1)(a). Jacobs v. Jacobs (1995),102 Ohio App.3d 568, 575, fn. 2. The Ohio Supreme Court has concluded that (1) a new school schedule for a child, and (2) evidence that one parent was trying to stop visitation by the other parent sufficiently demonstrated a change in circumstances to support a best interest of the child inquiry under the statute. Davis v. Flickinger (1997),77 Ohio St.3d 415, 420-421. Moreover, in Butler v. Butler (1995),107 Ohio App.3d 633, the Third District Court of Appeals found that a custodial parent's two incidents of unruly behavior requiring police involvement was a factor indicating a change in circumstances. Id. at 637.
In the instant case, Appellee testified that she denied visitation to Appellant on five different occasions. She stated that she purposefully violated the court-ordered visitation, allegedly due to "safety concerns." Further, the record reveals that Appellee and the child lived in at least four different locations in the approximate one and a half years following the trial court's entry of the original custody order.[1]
Finally, the record indicates that Appellee had an incident of unruly behavior which required involvement by the police. Specifically, the police report on the incident specified that Appellee woke up and kicked the child and the child's half-brother. It also stated that Appellee cursed at the children and that she stated several times that day that she wanted to kill herself. At the hearing regarding the motion to reallocate parental rights, Appellee disagreed with the police report and testified that she did not intentionally kick the child, but rather woke up startled and kicked the child by accident. The incident resulted in Appellee being charged with child endangering. The matter was subsequently dismissed after Appellee complied with a voluntary case plan administered by Wayne County Children Services Board.
The combination of the foregoing pertinent factors support a finding of a change of circumstances requiring further inquiry into the best interest of the child by the trial court, pursuant to R.C.3109.04(E)(1)(a). Hence, we find that the trial court abused its discretion in failing to find that a change of circumstances had occurred and that its decision was against the manifest weight of the evidence. Accordingly, Appellant's second assignment of error is sustained.
 ASSIGNMENT OF ERROR III
The trial court's decision to deny [Appellant's] request for the reallocation of parental rights and responsibilities is an abuse of the discretion of the trial court and not in the best interests of the minor child.
Appellant's third assignment of error avers that the trial court's denial of his motion for reallocation of parental rights and responsibilities was an abuse of discretion because it was not in the best interest of the child. We disagree.
The magistrate found that Appellant failed to establish a change of circumstances to warrant a modification. The trial court denied the motion to reallocate parental rights and responsibilities on this basis. Since the court found no change of circumstances, it was not obligated to consider the child's best interest, the second prong of the analysis, before overruling Appellant's motion. See Zinnecker,133 Ohio App.3d at 383. In light of our holding that there was a change of circumstances in this case, upon remand the trial court is now required to consider the child's best interest. Appellant's third assignment of error is overruled.
 ASSIGNMENT OF ERROR I
The trial court's failure to consider the child's wishes and concerns as to the allocation of parental rights and responsibilities through anin camera interview of the minor child in response to the request for such an interview by [Appellant] is an error as a matter of law.
In Appellant's first assignment of error, he argues that the trial court erred in failing to conduct an in camera interview with the child. We disagree.
R.C. 3109.04(B)(1) governs determinations on best interests and states as follows:
 In determining the child's best interest for purposes of making its allocation of the parental rights and responsibilities for the care of the child and for purposes of resolving any issues related to the making of that allocation, the court, in its discretion, may and, upon the request of either party, shall interview in chambers any or all of the involved children regarding their wishes and concerns with respect to the allocation.
We find that the trial court did not err in failing to conduct an incamera interview of the child because pursuant to R.C. 3109.04(B)(1), such a determination is made when determining the child's best interests. As noted in Appellant's third assignment of error, the trial court did not find a change in circumstances and therefore, did not have to proceed to make a best interest determination.
However, assuming arguendo that the trial court had properly found a change of circumstances and proceeded to determine the best interest of the child, R.C. 3109.04(B)(1) is mandatory in nature, and the trial court must strictly follow its procedures.
 The plain language of this statute absolutely mandates the trial court judge to interview a child if either party requests the interview. An interview is discretionary only if no party requests it; if a party to the allocation hearing makes the request, the court "shall" interview the child or children.
Badgett v. Badgett (1997), 120 Ohio App.3d 448, 450. Once such interview is completed, if the trial court concludes that special circumstances exist pursuant to R.C. 3109.04(B)(2)(b) and journalizes its findings of fact, then it can determine that it would not be in the best interest of the minor child to consider her wishes and concerns. Appellant's first assignment of error is overruled.
Appellant's second assignment of error is sustained. Appellant's first and third assignments of error are overruled. The judgment of the trial court is reversed and remanded to the trial court to determine whether the modification of parental rights and responsibilities would be in the best interest of the child.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
WHITMORE, J. CONCURS.
[1] The record is unclear as to whether Appellee and her children also lived with her brother during this timeframe, which would have been a fifth location.