Being unable to agree with the majority's conclusion that the trial court erred when it declined to meet independently with the three daughters, I respectfully dissent with respect to the majority's disposition of assignments of error related to the allocation of parental rights and responsibilities.
Civ.R. 53(C)(2) empowers a magistrate, pursuant to an order of reference by the court, to "regulate all proceedings in every hearing as if by the court." The civil rule expressly contemplates that a magistrate may subpoena and interview witnesses. Civ.R. 53(C)(2)(a) and (c). In the instant matter, the trial court referred to the magistrate the task of interviewing the children, as is frequently the case in matters involving allocation of parental rights and responsibilities.
Although it does not take issue with the trial court's reference of the interviews to the magistrate, the majority contends that the trial judge should have also interviewed the children because: (1) more than nine months had passed since the magistrate interviewed the children; and (2) there were "potentially significant changes" in the circumstances involving the children. Specifically, the majority noted that Mr. Schottenstein had remarried and his interaction with the children may have changed. I disagree with the majority that these facts mandated an independent review by the trial court. I would conclude that the trial court did not err when it declined to interview the children.
The majority's reasoning would undermine the use of a magistrate to interview children for purposes of making a recommendation as to parental rights and responsibilities. I find no reason in the majority opinion to distinguish this case from other cases with similar delay between the magistrate's interview and the trial court's decision. Furthermore, the new facts at issue in this case are not particularly unusual in the context of divorce, and I do not believe that the trial court was required to take additional evidence in order to rule on objections to the magistrate's decision. The majority opinion would appear to open the door for parties to argue that a trial court must conduct independent interviews whenever there is a delay in time between interviews by a magistrate and execution of judgment, or whenever a party perceives that one parent's relationship with a child has changed.
Similarly, I believe that the majority opinion provides inadequate guidance to trial courts regarding the circumstances under which judges would be required to conduct their own interviews. As to this matter, the majority instructs as follows: "Where the trial court is on notice of potentially significant changes in the circumstances involving the children, the trial judge should accept additional evidence and in many cases should conduct his or her own interview of the children as contemplated by R.C. 3109.04." I believe that this directive opens the door for needless confusion and uncertainty in the judicial process.
Nor do I agree with the majority that R.C. 3109.04(B)(2)(c) mandates that the trial judge, rather than a magistrate, must interview the children. The purpose of R.C. 3109.04(B)(2)(c), which limits those in attendance at the interview to "the child, the child's attorney, the judge, any necessary court personnel, and, in the judge's discretion, the attorney of each parent," is to protect the sensitive nature of the interview. "This section, which in effect insulates the child from any extraneous influences during the interview, suggests that the General Assembly intended to create a `stress-free environment * * * [so that] [c]hildren should display candor in setting forth their feelings' regarding custody." In re Longwell (Aug. 30, 1995), Lorain App. No. 94 CA 006006, unreported, quoting Patton v. Patton (Jan. 9, 1995), Licking App. No. 94 CA 40, unreported. R.C. 3109.04(B)(2)(c) does not, however, alter the fact that R.C. 3109.04(B) contemplates a function that the trial judge may delegate to a magistrate pursuant to Civ.R. 53(C)(2). Although the cases cited by the majority indicate that the interview process is mandatory upon request of either party, they do not address the trial court's authority, pursuant to Civ.R. 53, to appoint a magistrate for the purpose of conducting the interview. See Badgett v. Badgett (1997), 120 Ohio App.3d 448, 450; Leasure v. Leasure (Mar. 12, 1998), Cuyahoga App. No. 72415, unreported; Riggle v. Riggle (Sept. 26, 2001), Wayne App. No. 01CA0012, unreported. Moreover, to the extent any conflict exists between R.C. 3109.04(B)(2)(c) and Civ.R. 53(C)(2), the civil rule prevails. See Section 5(B), Article IV, the Ohio Constitution.
Because I would not require the trial judge to conduct independent interviews of the Schottenstein children, I would overrule the assignments of error relating to allocation of parental rights and responsibilities and affirm that portion of the judgment.
I also dissent regarding the majority's disposition of assignments of error related to findings of contempt against Mrs. Schottenstein, as I am unable to agree with the majority's conclusion that the trial court abused its discretion. The voluminous record includes ample credible testimony to support the trial court's finding of contempt. Even if the trial court erred in limiting the scope of testimony from the children, as the majority concludes, I would deem the error harmless. The trial court was aware that all of the children had expressed a desire to live with their mother. The trial court also heard from fourteen-year-old Sarah Schottenstein, who testified that it was her unilateral decision not to return to her father's home during the time at issue. Accordingly, I would overrule the assignments of error related to contempt proceedings against Mrs. Schottenstein and affirm that portion of the judgment.
I concur with the majority opinion with respect to the disposition of the assignments of error related to property distribution and spousal support issues.