OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, James Church, appeals the decision of the Noble County Court of Common Pleas, Domestic Relations Division that denied his motion to change the custody of his minor children from his ex-wife, Kimberly Church, to himself.
 {¶ 2} Before the hearing on James's motion to change custody, James requested the trial court interview the children in camera. Even though R.C. 3109.04(B)(1) mandates that a trial court conduct an in camera interview of the children at the request of either party, the trial court failed to do so in this case. Since the trial court error is not harmless in this case, the trial court's judgment is reversed and this case is remanded for further proceedings.
 Facts {¶ 3} James and Kimberly were married on April 20, 1991, and two children were born to that marriage, Amanda, dob August 24, 1993, and Jimmy, dob September 1, 1994. Kimberly filed a complaint for divorce, and although each party sought custody, the trial court granted custody of the children to Kimberly in the divorce decree. James appealed that decision to this court. In Church v. Church, 7th Dist. No. 302, 2003-Ohio-3281, we affirmed the trial court's decision regarding custody of the children, but reversed its decision on other matters and remanded the matter for further proceedings.
 {¶ 4} Soon after we issued our decision in Church I, James requested a change of custody. James claimed that Kimberly had not been providing proper medical care to the children, that she had not provided the children with the home promised during the divorce hearing, and that she had not been helping the children with their schoolwork, which caused Jimmy to fail the third grade. James also requested that the trial court interview the children in camera.
 {¶ 5} The trial court heard the matter and, at the conclusion of the hearing, ordered that the parties and their children submit to a psychological evaluation. That evaluation was filed with the trial court. The trial court then found that "a change in the allocation of parental rights and responsibilities is not warranted at this time." James moved for reconsideration and/or Civ.R. 60(B) relief after this entry since the court had not conducted an in camera interview of the children. He then filed a notice of appeal before the trial court could rule on his post-judgment motion. This appeal arises from that notice of appeal.
 In Camera Interview {¶ 6} James's sole assignment of error argues:
 {¶ 7} "Whether the trial court abused its discretion in not granting Appellant's motion to modify custody due to the fact that Appellant showed that a change of circumstances with the children existed warranting a change and it was in the best interest of the children to modify custody."
 {¶ 8} In his assignment of error, James does not address whether the trial court erred by not interviewing the children in camera. Nevertheless, we will address this error since it is obvious from the record. Specifically, it was the subject of post-judgment motions mentioned in each of the parties' appellate briefs. But because a requested in camera interview is statutorily mandated, the trial court's failure to do so is reversible.
 {¶ 9} James filed a motion for an in camera interview of the children before the trial court heard his motion to change custody. The trial court did not conduct that in camera interview before ruling on the pending custody motion. R.C. 3109.04(B)(1) gives a trial court the discretion to sua sponte interview the children in camera in child custody proceedings, but mandates that it interview the children in camera at the request of either party.
 {¶ 10} "When making the allocation of the parental rights and responsibilities for the care of the children under this section in an original proceeding or in any proceeding for modification of a prior order of the court making the allocation, the court shall take into account that which would be in the best interest of the children. In determining the child's best interest for purposes of making its allocation of the parental rights and responsibilities for the care of the child and for purposes of resolving any issues related to the making of that allocation, the court, in its discretion, may and, upon the request of either party, shall interview in chambers any or all of the involved children regarding their wishes and concerns with respect to the allocation." R.C. 3109.04(B)(1).
 {¶ 11} This court has held that "[t]he plain language of this statute absolutely mandates the trial court judge to interview a child if either party requests the interview." Badgett v.Badgett (1997), 120 Ohio App.3d 448, 450. "[T]he state legislature made it abundantly clear that the judge must attempt to listen to that input when one party so requests." Id. at 452; see also Riggle v. Riggle, 9th Dist. No. 01CA0012, 2001-Ohio-1376 (Courts must strictly follow the procedures in R.C. 3109.04(B)(1)); King v. King (Feb. 20, 2001), 5th Dist. Nos. 2000CA00203, 2000CA00268 (R.C. 3109.04(B)(1) mandates that a trial court conduct an in camera interview of the children if requested to do so in a child custody proceeding).
 {¶ 12} In this case, as in Badgett, the trial court failed to hold the required in camera interview. We cannot say that its error was harmless. Thus, the trial court's judgment must be reversed.
 {¶ 13} We recognize that this issue was not specifically raised by either of the parties. We presume the parties did not raise the issue because they believed the error had already been corrected. James filed a Civ.R. 60(B) motion for relief from judgment based on this error before he filed his notice of appeal. In her brief, Kimberly states that the trial court subsequently ruled on the Civ.R. 60(B) motion, interviewed the children in camera, and entered another order denying James's motion for summary judgment. In his reply brief, James also mentions these events.
 {¶ 14} But "an appeal divests trial courts of jurisdiction to consider Civ.R. 60(B) motions for relief from judgment." Howardv. Catholic Social Serv. of Cuyahoga Cty., Inc.,70 Ohio St.3d 141, 147, 1994-Ohio-0219. Thus, the trial court did not have jurisdiction to either stay or vacate its prior judgment or enter a new judgment after the in camera interview denying James's motion to change custody. Any entry the trial court filed after the notice of appeal was filed is void and we cannot consider it when ruling on this appeal. Procedurally the parties should have filed a motion with this court to stay the instant appeal and for a limited remand so that the trial court would then have jurisdiction to consider the 60(B) motion. Accordingly, the judgment of the trial court is reversed and this cause is remanded for further proceedings.
Donofrio, J., concurs.
Vukovich, J., concurs.