JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Kelly Spine ("mother"), appeals from a judgment entered November 8, 2006 by the Cuyahoga County Court of Common Pleas, Domestic Relations Division, denying her motion for the appointment of a guardian ad litem ("GAL") and motion for an in camera interview. After reviewing the facts and the pertinent case law, we affirm.
 {¶ 2} On July 3, 2006, mother filed a complaint against defendant-appellee, Richard Spine ("father"), for divorce and allocation of parental rights and responsibilities for their child, born on November 17, 1988. In father's answer and counterclaim, he demanded that he be designated the residential parent and legal custodian of the child and that he be awarded child support.
 {¶ 3} On October 31, 2006, mother filed motions for the appointment of a GAL and an in camera interview. She requested the court to inquire into the child's *Page 3 
"wishes and desires relative to the allocation of parental rights and responsibilities in this matter." On November 8, 2006, the trial court denied her motions. It is from this judgment that mother appeals, raising a sole assignment of error:
 {¶ 4} "The trial court erred to the prejudice of Appellant, and committed plain error, when it issued an order denying Appellant's motions for the appointment of [GAL] and to conduct the in camera interview of the child."
 {¶ 5} Appellate courts apply an abuse of discretion standard to a trial court's decision on whether to interview a child. In ReWhitaker (1988), 36 Ohio App.3d 213, 219. Also, a trial court's decision denying a motion to appoint a GAL cannot be reversed absent an abuse of discretion. Hatfield v. Hatfield (Mar. 18, 1996), 4th Dist. No. 95CA2112, 1996 Ohio App. LEXIS 1098, at 9-10. The term abuse of discretion is more than an error of law or judgment; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 6} Mother contends that at the time the trial court ruled on her motions for the appointment of a GAL and an in camera interview, the child was under the age of eighteen. Mother argues R.C. 3109.04 mandates that the trial court appoint a GAL for the minor child and conduct an in camera interview and thus, the court erred when it denied her motions.
 {¶ 7} Conversely, father asserts that the instant appeal is moot because the trial court denied mother's motions nine days before the child turned eighteen. *Page 4 
Father maintains that the child is now over the age of majority and the court cannot appoint a GAL for, or conduct an in camera interview of, an adult.
 {¶ 8} R.C. 3109.01 identifies the age of majority as "[a]ll persons of the age of eighteen years or more, who are under no legal disability * * *.
 {¶ 9} Under R.C. 3109.04(B)(1), "[w]hen making the allocation of the parental rights and responsibilities for the care of the children * * * the court shall take into account the best interest of the children. * * * [T]he court, in its discretion, may and, upon the request of either party, shall interview in chambers any or all of the involved children regarding their wishes and concerns with respect to the allocation."
 {¶ 10} R.C. 3109.04(B)(2)(a) states, "[i]f the court interviews any child pursuant to division (B)(1) of this section, * * * [t]he court, in its discretion, may and, upon the motion of either parent, shall appoint a [GAL] for the child."
 {¶ 11} The plain language of R.C. 3109.04(B)(1) absolutely mandates the trial court to interview the child if either party requests the interview. Badgett v. Badgett (1997), 120 Ohio App.3d 448, 450. Further, R.C. 3109.04(B)(2) requires the appointment of a GAL if the court intends to interview a child and either parent requests a GAL.Papp at 377. Therefore, if a parent requests an interview, onemust be given; and if a parent requests a GAL be appointed, then the appointment must be made. Badgett at 452.
 {¶ 12} In the case sub judice, the trial court denied mother's motions for the appointment of a GAL and an in camera interview prior to the child turning eighteen. *Page 5 
The plain and unambiguous language of R.C. 3109.04(B)(1) and (B)(2) requires the trial court to conduct an in camera interview and appoint a GAL for a minor child, upon the request of a party. Thus, although we agree with mother that the trial court erred when it denied the motions, we conclude that the error is moot. The record reflects that the child is now over the age of majority and is not under a legal disability. Therefore, the trial court would not be able to appoint a GAL or conduct an in camera interview.
 {¶ 13} Mother also argues that the trial court committed plain error by not appointing a GAL and conducting an in camera interview. "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Goldfuss v. Davidson (1997)79 Ohio St.3d 116, 1997-Ohio 401, syllabus. Since we determined the error was moot, this is not the extremely rare case where we would apply plain error.
 {¶ 14} Accordingly, mother's sole assignment of error is overruled. The judgment of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY JANE BOYLE, JUDGE
 KENNETH A. ROCCO, P.J. and MARY EILEEN KILBANE, J., CONCUR *Page 1