[Cite as *Saleh v. Yassen*, 2020-Ohio-2719.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| OMAR SALEH, | : | |
| Plaintiff-Appellant, | : | No. 108689 |
| v. | : | |
| KHLOUD YASSEN, | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** April 30, 2020

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-15-360004

*Appearances:*

Joyce E. Barrett and James P. Reddy, Jr., *for appellant.*

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Plaintiff-appellant Omar Saleh brings the instant appeal challenging the trial court's judgment in a divorce action designating defendant-appellee Khloud Yassen the child's residential parent and legal custodian. Appellant argues that the trial court erred in calling a forensic evaluator to testify as a court's witness, failing to conduct an in camera interview of the child, denying appellant's motions to show

cause and for attorney fees, and designating appellee as the child's residential parent and legal custodian. After a thorough review of the record and law, this court reverses the trial court's judgment and remands the matter for further proceedings consistent with this opinion.

## I. Factual and Procedural History

{¶ 2} Appellant and appellee were married in December 2007. During the course of their marriage, they had a child, J.A., in February 2011.

{¶ 3} In February 2013, appellee moved out of the marital home with the child and began residing with appellee's family. According to appellant, he saw the child on a regular basis until appellee and the child "disappeared" in September 2015.

{¶ 4} On December 15, 2015, appellant filed a complaint for divorce against appellee. Appellee filed an answer and a counterclaim on October 28, 2016. Both parties sought to be designated the child's permanent residential custodian.

{¶ 5} The trial court ordered an evaluation from Family Evaluation Services on January 24, 2017. The matter was assigned to Tilisha von Boeselager. Boeselager conducted interviews of appellant, appellee, and the child. She did not interview appellee and the child in person; these interviews were conducted via Skype. Boeselager completed the evaluation and submitted a report to the trial court.

{¶ 6} On June 13, 2017, appellant filed a motion requesting the trial court to conduct an in camera interview of the child. The parties entered into an agreed judgment entry on June 23, 2017. The parties agreed to several terms that would be

in effect during the 30-day continuance.  One of the terms required appellee to facilitate phone calls between appellant and the child every Sunday.  On October 12, 2017, appellant filed a motion to show cause alleging that appellee violated the terms of the agreed judgment entry and requesting the trial court to find her in contempt.

{¶ 7} On November 6, 2017, the trial court referred the parties to case management services for further monitoring and facilitation of communication between appellant and the child.  Dr. Heather Bohn conducted interviews and facilitated phone calls between appellant and the child between December 2017 and April 2018.  Dr. Bohn issued her report on April 18, 2018.

{¶ 8} On March 7, 2018, the trial court ordered appellee and the child to appear before the court for trial on May 15 and 16, 2018.  Appellee did not comply with the trial court's order to appear in court with the child.

{¶ 9} Appellant filed several motions requesting sanctions against appellee based on her failure to comply with the trial court's orders or otherwise participate in the proceedings.  Appellant filed the following motions:  (1) a motion to show cause, filed on October 12, 2017, based on appellee's failure to comply with the terms of the June 23, 2017 agreed judgment entry; (2) a motion for attorney fees pursuant to R.C. 2323.51, filed on November 7, 2018, requesting appellee be sanctioned for "engag[ing] in frivolous conduct that was designed to merely harass or maliciously injure [appellant]"; and (3) a motion for an order requiring appellee to produce the child and appear at trial, filed on October 26, 2018.

{¶ 10} On September 27, 2018, appellee's attorney filed a motion to withdraw from the representation. Therein, counsel asserted that she "completely lost contact" with appellee and appellee would not cooperate with matters pertaining to the proceedings. The trial court granted counsel's motion to withdraw on October 4, 2018.

{¶ 11} The trial court held a hearing on the complaint for divorce on March 14 and April 11, 2019. The record reflects that appellee did not appear in court with the child for trial. The trial court dismissed the counterclaim based on appellee's failure to appear.

{¶ 12} Appellant was represented by counsel at trial. Appellant presented the testimony of himself and his brother-in-law Mohammad Yassen. At the close of appellant's case-in-chief, the trial court called Boeselager to testify as a court's witness. Boeselager recommended that appellee be designated the child's residential parent and legal custodian.

{¶ 13} On May 22, 2019, the trial court issued a judgment entry of divorce. Therein, the trial court designated appellee as the child's legal custodian and residential parent.

{¶ 14} On June 18, 2019, appellant filed the instant appeal challenging the trial court's judgment. Appellant assigns four errors for review:

> I. The trial court erred and abused its discretion in calling its own witness, limiting her cross examination, and relying upon her hearsay testimony.

II. The trial court erred and abused its discretion in denying as moot appellant's motion for in camera interview.

III. The trial court erred and abused its discretion in denying appellant's motions to show cause and for attorney fees.

IV. The trial court erred and abused its discretion in designating appellee as residential parent and legal custodian.

## II. Law and Analysis

## A. Interview

{¶ 15} We will address appellant's second assignment of error first because it is dispositive of this appeal. In his second assignment of error, appellant argues that the trial court erred in denying his motion for an in camera interview of the child. Appellant contends that because he filed a motion requesting the court to conduct an in camera interview of the child, the interview was mandatory.

{¶ 16} R.C. 3109.04(B)(1), governing child custody proceedings arising out of a divorce action, provides,

> When making the allocation of the parental rights and responsibilities for the care of the children under this section in an original proceeding or in any proceeding for modification of a prior order of the court making the allocation, the court shall take into account that which would be in the best interest of the children. In determining the child's best interest for purposes of making its allocation of the parental rights and responsibilities for the care of the child and for purposes of resolving any issues related to the making of that allocation, the court, in its discretion, may and, *upon the request of either party, shall interview in chambers* any or all of the involved children regarding their wishes and concerns with respect to the allocation.

(Emphasis added.)

{¶ 17} As noted above, appellant filed a motion for an in camera interview on June 13, 2017. Therein, appellant requested an in camera interview "to aid in the

determination of parental rights and responsibilities, and further to aid the trier of fact in the determination and decision on the matter[.]" Appellant further asserted, "Family Evaluation Services have only been allowed to communicate with the child in the presence of Mother. It is important to hear the child without the presence and interference [of Mother] with the communication. An in camera interview is necessary to determine the [child's] wishes and concerns without the influence of Mother."

{¶ 18} On March 7, 2018, the trial court ordered appellee and the child appear before the court for trial on May 15 and 16, 2018. Appellee did not comply with the trial court's order, nor produce the child, either on March 14, 2019, or at any time during the proceedings.

{¶ 19} There is no indication in the record before this court that the trial court scheduled the in camera interview pursuant to appellant's June 13, 2017 motion. The trial court did order appellee to appear in court with the child on May 15 and 16, 2018, and the trial court may have intended to conduct the interview at this time.

{¶ 20} The record reflects that the trial court did not interview the child pursuant to R.C. 3109.04(B)(1). In the May 22, 2019 judgment entry of divorce, the trial court denied appellant's motion for an interview of the child as moot. Regarding the best interest factor under R.C. 3109.04(F)(1)(b), the trial court stated, "[t]hough Plaintiff requested an in camera interview of the minor child, the Court has been unable to conduct the interview due to the Defendant's and J.A.'s absence from the jurisdiction."

{¶ 21} In support of his argument that the trial court erred by failing to interview the child, appellant directs this court to *In re D.C.J.*, 2012-Ohio-4154, 976 N.E.2d 931 (8th Dist.), a custody dispute between grandparents and the child's father. Because the custody dispute involved a parent and a nonparent, the applicable standard was R.C. 2151.23(A)(2), rather than R.C. 3109.04. *See Hockstok v. Hockstok*, 98 Ohio St.3d 238, 2002-Ohio-7208, 781 N.E.2d 971, ¶ 15. The grandparents filed two motions for an in camera interview of the child, both of which were denied by the trial court. On appeal, the grandparents argued that pursuant to R.C. 3109.04(B)(1), the trial court erred in refusing to conduct an in camera interview. *Id.* at ¶ 54. This court agreed, concluding:

> Because the trial court would have to make a best interest determination if father is deemed unsuitable, [the request for an in-camera interview] was warranted under R.C. 3109.04(B)(1). *The trial court is statutorily mandated to conduct such a hearing upon the request of either party.* We also recognize that R.C. 2151.23 does not address whether the court should conduct an in camera interview of the child with regard to a suitability determination. Given the nature of the inquiry, we find an in camera interview was warranted under the circumstances of this case. Accordingly, we find the trial court erred by failing to conduct an in camera interview of the child.

(Emphasis added.) *Id.* at ¶ 60.

{¶ 22} Appellant also directs this court to *Badgett v. Badgett*, 120 Ohio App.3d 448, 698 N.E.2d 84 (7th Dist.1997). There, the Seventh District held, "[t]he plain language of [R.C. 3109.04] absolutely mandates the trial court judge to interview a child if either party requests the interview. An interview is discretionary

only if no party requests it; if a party to the allocation hearing makes the request, the court 'shall' interview the child or children." *Id.* at 450.

{¶ 23} In *Oyler v. Oyler*, 5th Dist. Stark No. 2011-CA-00065, 2011-Ohio-4390, the Fifth District held that the trial court erred in failing to interview a 14-year-old child when the appellant moved the court to conduct an in camera interview, and the record reflected that the interview was neither scheduled nor conducted. *Id.* at ¶ 16-18. In *Pedraza v. Collier*, 3d Dist. Henry No. 7-06-03, 2007-Ohio-3835, the Third District explained that "R.C. 3109.04(B)(1) is *mandatory* in nature and the trial court must strictly follow its procedures." (Emphasis sic.) *Id.* at ¶ 25, citing *Riggle v. Riggle*, 9th Dist. Wayne No. 01CA0012, 2001 Ohio App. LEXIS 4319 (Sept. 26, 2001). *See also In re Brazile*, 1st Dist. Hamilton No. C-010694, 2002-Ohio-6652, ¶ 24; *Leasure v. Leasure*, 8th Dist. Cuyahoga No. 72415, 1998 Ohio App. LEXIS 987, 9 (Mar. 12, 1998); *Badgett.* "Failure to strictly follow the mandates of the statute is reversible error, even where the trial court has made a thoughtful and conscientious decision." *McClanahan v. Willenbrink*, 12th Dist. Clermont No. CA99-11-111, 2000 Ohio App. LEXIS 2053, 4 (May 15, 2000).

{¶ 24} In the instant matter, appellant filed a motion for an in camera interview of the child. Based on this request, the in camera interview was mandatory, and the trial court was required to strictly comply with the procedures set forth in R.C. 3109.04(B).

{¶ 25} The record reflects that the in camera interview was never conducted. The record also reflects that appellee's participation in the custody proceedings and

cooperation with the trial court was, at best, minimal. In its March 7, 2018 judgment entry ordering appellee and the child to appear before the court for trial, the trial court stated, in relevant part,

> Attempts to secure Defendant's participation in this case have been futile. The Court believes that Defendant has left the State of Ohio with the minor child. Parenting time between [child] and Plaintiff is not occurring as ordered, as Defendant has thrown many roadblocks in Plaintiff's and this Court's path to prevent that from happening. Defendant has not appeared in person for a single pretrial; has not arranged for video or phone contact between [child] and Plaintiff; and has not made her whereabouts known, even to her counsel. This Court previously ordered the parties to participate in the Court's Case Management Services and cooperate with the Forensic Case Manager; Defendant has not done so.

{¶ 26} We cannot fault the trial court for failing to conduct the interview of the child. As noted above, when the trial court ordered appellant and the child to appear before the court, appellee did not comply. Nevertheless, we are bound by the clear and unequivocal language of R.C. 3109.04(B) and the case law interpreting the statute.

{¶ 27} The lack of an in camera interview is even more significant in this case where appellee did not offer any evidence at trial, appellant presented his testimony and the testimony of appellee's brother, and the trial court called one witness of its own. *See In re Reid*, 3d Dist. Paulding No. 11-98-3, 1998 Ohio App. LEXIS 3819, 5 (July 10, 1998) (appellate court concluded that appellant-mother failed to demonstrate that the trial court's failure to conduct an in camera interview of the child was prejudicial to her based, in part, on the fact that mother called seven witnesses to testify during her case-in-chief, and indicated that she did not have

anything further to present).  Although Boeselager had an opportunity to speak with the child via Skype, the appellee was in the room with the child during the conversation.  Boeselager testified that she never had an opportunity to speak with the child alone.

{¶ 28} Boeselager testified that at one point during the Skype interview with the child, appellee covered up the camera.  Boeselager opined that it was possible that appellee's presence in the room during the Skype interview affected the child's demeanor and communication.  She explained that there were times appellee was whispering and she could not hear what appellee was saying (i.e., whether appellee was coaching the child, preventing him from making a particular comment or giving a particular answer, etc.).

{¶ 29} The Skype interview conducted by Boeselager, while appellee was present with the child, cannot serve as an adequate or reliable basis for assessing the child's feelings about the matter.  The underlying purpose of R.C. 3109.04(B) is "to insulate children from extraneous influences during the interview so that they can speak candidly about their feelings."  *Lumley v. Lumley*, 10th Dist. Franklin No. 09AP-556, 2009-Ohio-6992, ¶ 40, citing *Chapman v. Chapman*, 2d Dist. Montgomery No. 21652, 2007-Ohio-2968, ¶ 17, and *Willis v. Willis*, 149 Ohio App.3d 50, 2002-Ohio-3716, 775 N.E.2d 878, ¶ 23 (12th Dist.).

{¶ 30} Notwithstanding the fact that R.C. 3109.04(B) requires the trial court to conduct the in camera interview, Boeselager had no ability to control the environment during the Skype interview nor eliminate the possibility of coaching or

pressure by appellee. As a result, the feelings or opinions expressed by the child during the Skype interview were not authentic.

{¶ 31} Finally, we recognize that there is a concern in this case — albeit hotly contested by appellant — regarding domestic violence and appellee's fear of appellant. At this point, we decline to make any determination regarding the validity of these concerns. Nevertheless, we recognize, as did the trial court, that allegations or concerns regarding domestic violence must be taken seriously and caution must be exercised to ensure the safety of the parties.

{¶ 32} These concerns must be weighed, however, against appellant's due process and parental rights.

> A parent's right to the custody of [his or] her child is a fundamental liberty interest protected by due process. *Troxel v. Granville*, 530 U.S. 57, 65-66, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000); *In re Adoption of Walters*, 112 Ohio St.3d 315, 2007-Ohio-7, 859 N.E.2d 545, ¶ 18. The Due Process Clause of the Fifth Amendment to the United States Constitution, as applicable to the states through the Fourteenth Amendment, provides: "No person shall * * * be deprived of life, liberty, or property, without due process of law." Therefore, a court may not deprive a parent of [his or] her right to custody of [his or] her child without due process of law.

*O'Malley v. O'Malley*, 8th Dist. Cuyahoga No. 98708, 2013-Ohio-5238, ¶ 15.

{¶ 33} In this case, we are unable to conclude that appellant was afforded his due process rights. Appellee failed to appear at any point, failed to comply with court orders, and failed to produce the child. Appellant did not have an opportunity to confront and cross-examine appellee at trial. Under these circumstances, appellant was deprived of his custody rights without due process of law.

{¶ 34} For all of the foregoing reasons, we sustain appellant's second assignment of error. The trial court erred by failing to conduct an in camera interview of the child prior to disposition. Appellant filed a timely motion for an in camera interview. As a result, the in camera interview was mandatory pursuant to R.C. 3109.04(B)(1).

{¶ 35} Based on the domestic violence concerns involved in this case, the necessary precautions must be taken to facilitate the interview of the child without compromising the safety of appellee.

{¶ 36} Our resolution of appellant's second assignment of error renders the first and fourth assignments of error moot.

## B. Show Cause and Attorney Fees

{¶ 37} In his third assignment of error, appellant argues that the trial court erred and abused its discretion in denying his motions to show cause and for attorney fees.

{¶ 38} Appellant filed a motion to show cause on October 12, 2017, based on appellee's failure to comply with the terms of the June 23, 2017 agreed judgment entry. Appellant alleged that appellee failed to comply with the term requiring weekly telephone contact between appellant and the child. Appellant requested the trial court to issue an order requiring appellee to appear and show cause as to why she should not be held in contempt for failing to comply with the agreed judgment entry.

{¶ 39} In support of his motion to show cause, appellant submitted the parties' agreed judgment entry. One of the terms of the agreed judgment entry was that appellee facilitate a phone call every Sunday between appellant and the child. The agreed judgment entry provided that the terms would remain in effect for 30 days.

{¶ 40} Appellant submitted a supporting affidavit in which he averred, in relevant part, "defendant has failed to abide by the order and complete the items as ordered. [Defendant] has never called [appellant], nor has the child." Appellee did not otherwise respond or offer any evidence contradicting appellant's allegations.

{¶ 41} The trial court denied appellant's motion to show cause, concluding that appellee did not willfully fail to comply with the agreed judgment entry. As an initial matter, we note that appellant was not required to demonstrate that appellee willfully or intentionally violated the agreed judgment entry.

> "Contempt of court is defined as disobedience of an order of a court." *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55, 56, 271 N.E.2d 815 (1971), paragraph one of the syllabus. Whether "the contemnor acted innocently and not in intentional disregard of a court order is not a defense to a charge of civil contempt." *Id.* at paragraph three of the syllabus. *See also Pugh v. Pugh*, 15 Ohio St.3d 136, 136, 472 N.E.2d 1085 (1984), paragraph one of the syllabus ("Proof of purposeful, willing or intentional violation of a court order is not a prerequisite to a finding of contempt.").

*Guy v. Shorey*, 8th Dist. Cuyahoga No. 106923, 2019-Ohio-977, ¶ 11.

{¶ 42} Nevertheless, the unrefuted evidence submitted by appellant demonstrated that appellee failed to comply with the terms of the agreed judgment entry between June 23, 2017, and the date he filed the motion to show cause,

October 12, 2017.  The terms required phone calls between appellant and the child every Sunday.  During the 30-day period that the terms were in effect, appellee failed to comply with the Sunday phone call requirement on five occasions.  During the period of time between June 23, 2017 and October 12, 2017, when appellant filed his show cause motion, appellee failed to comply with the Sunday phone call requirement on sixteen occasions.

{¶ 43} In addition to appellee's failure to comply with the agreed judgment entry, appellee also failed to comply with the trial court's March 7, 2018 order.  The trial court ordered appellee to appear in court with the child, and she failed to do so.

{¶ 44} For all of the foregoing reasons, the trial court abused its discretion in denying appellant's motions to show cause.  Appellant's third assignment of error is sustained in this respect.  On remand, the trial court is required to hold a hearing on appellant's motions to show cause.

{¶ 45} Appellant's third assignment of error is overruled to the extent that he argues that the trial court erred in denying his request for costs and attorney fees.  The trial court is required to hold a hearing on appellant's motions to show cause and provide appellee with an opportunity to present evidence regarding her failure to comply with the agreed judgment entry and the order to appear in court with the child.  At this point, the imposition of costs and attorney fees is premature.

{¶ 46} The trial court's judgment is reversed, and the matter is remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

EILEEN T. GALLAGHER, A.J., and
MICHELLE J. SHEEHAN, J., CONCUR