DECISION AND JOURNAL ENTRY
{¶ 1} Appellant Bogusia Chmielewski appeals from the Summit County Court of Common Pleas, Domestic Relations Division, which adjudicated her dispute with appellee Dariusz Dolub. We reverse.
 I. {¶ 2} Ms. Chmielewski and Mr. Dolub were divorced in 2003 and entered a shared parenting agreement regarding their 10-year old son. In July 2003, Ms. Chmielewski moved to suspend Mr. Dolub's parenting time. Thereafter, the court held conferences, reviewed reports from mental health counselors, and ultimately rendered a decision regarding visitation. Ms. Chmielewski timely appealed and asserted four assignments of error for review.
 II. A. First Assignment of Error
"THE TRIAL COURT ERRED WHEN IT FAILED TO RULE ON APPELLANT'S MOTION FOR THE APPOINTMENT OF A GUARDIAN AD LITEM."
 {¶ 3} Ms. Chmielewski alleges that the trial court erred in failing to comply with her request to interview the minor child, which also implicates her request that a guardian ad litem be appointed to represent the interests of that minor child. Ms. Chmielewski contends that this failure is reversible error. We agree.
 {¶ 4} The governing statute mandates that allocation or modification of parental rights rests on the "best interest of the children," and states in pertinent part:
"(B)(1) * * * In determining the child's best interest * * * the court, in its discretion, may and, upon the request of either party, shall interview in chambers any or all of the involved children regarding their wishes and concerns with respect to the allocation.
"(2) If the court interviews any child pursuant to division (B)(1) of this section, all of the following apply:
"(a) The court, in its discretion, may and, upon the motion of either parent, shall appoint a guardian ad litem for the child." (Emphasis added.) R.C. 3109.04(B). "R.C. 3109.04(B) is mandatory in nature, and the trial court must strictly follow its procedures." Riggle v. Riggle,
9th Dist. No. 01CA0012, 2001-Ohio-1376, at *11. See, also, In reBrazile, 1st Dist. No. C-010694, 2002-Ohio-6652, at ¶ 24; Leasure v.Leasure (Mar. 12, 1998), 8th Dist. No. 72415, at *9; Badgett v. Badgett
(1997), 120 Ohio App.3d 448, 452 (7th District). "Failure to strictly follow the mandates of the statute is reversible error, even where the trial court has made a thoughtful and conscientious decision." McClanahanv. Willenbrink (May 15, 2000), 12th Dist. No. CA99-11-111, at *4.
 {¶ 5} Despite Ms. Chmielewski's motions, the trial court failed to interview the child and correspondingly failed to appoint a guardian ad litem. Ms. Chmielewski's first assignment of error is sustained.
 B. Second Assignment of Error
"THE TRIAL COURT ERRED WHEN IT ORDERED THE MINOR CHILD'S COUNSELING TO CEASE WHEN THE EVIDENCE SUGGESTS THAT COUNSELING SHOULD CONTINUE."
 Third Assignment of Error
"THE TRIAL COURT ABUSED ITS DISCRETIONWHEN [sic] IT ORDERED VISITAITON [sic] TO BE UNSUPERVISED."
 Fourth Assignment of Error
"THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ORDERED APPELLEE TO TAKE THE CHILD AS A DEPENDANT FOR INCOME TAX PURPOSES."
 {¶ 6} In light of our disposition of the first assignment of error, we decline to address these assignments of error as they have been rendered moot. See App.R. 12(A)(1)(c).
 III. {¶ 7} Ms. Chmielewski's first assignment of error is sustained. The other assignments of error are not addressed. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed and the cause is remanded for further proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Slaby, P.J. Whitmore, J. Concur.