DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Benjamin Miracle, appeals the judgment of the Lorain County Court of Common Pleas. We affirm.
 I. {¶ 2} Appellant and Appellee, Apryl Allen, married in December 14, 1996. On December 18, 1997, Appellee gave birth to the parties' only child. Shortly after marrying, the parties sought to have the marriage dissolved. On October 2, 2001, the trial court issued a decree of dissolution of the parties' marriage which incorporated the parties' shared parenting agreement.
 {¶ 3} On July 16, 2004, Appellee filed a motion to reallocate parental rights and responsibilities. Appellant then filed a motion to reallocate parental rights along with a motion for an in camera interview of the parties' minor child on October 7, 2004. The trial court held a hearing on the parties' motions on August 29 and 30, 2005. At the very beginning of the court's August 29, 2005 hearing, Appellant withdrew his motion to reallocate parental rights. Appellant made no mention of his motion for an in camera interview of the parties' child at any time during the trial court's hearing. At the conclusion of the hearing, the trial court rendered its decision awarding sole residential custody to Appellee. The trial court rendered a formal decision on November 23, 2005. In this decision, the trial court awarded Appellee five hundred and forty dollars and five cents per month in child support. Appellant timely appealed from the trial court's judgment, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT COMMITTED ERROR AS A MATTER OF LAW IN THIS CUSTODY PROCEEDING WHEN IT FAILED TO CONDUCT AN IN CAMERA INTERVIEW OF THE PARTIES'S [ERROR SIC] MINOR CHILD THOUGH REQUESTED BY THE APPELLANT PURSUANT TO RC § 3109.04(B)(1)."
 {¶ 4} In his only assignment of error, Appellant claims that the trial court erred in failing to conduct an in camera interview of the parties' minor child.
 {¶ 5} R.C. 3109.04(B)(1) provides that when a trial court allocates parental rights and responsibilities, it shall consider "that which would be in the best interest of the children." R.C.3109.04(B)(1) further states that
"In determining the child's best interest for purposes of making its allocation of the parental rights and responsibilities for the care of the child and for purposes of resolving any issues related to the making of that allocation, the court, in its discretion, may and, upon the request of either party, shall interview in chambers any or all of the involved children regarding their wishes and concerns with respect to the allocation."
 {¶ 6} Along with his motion to reallocate parental rights filed October 7, 2004, Appellant also moved for an in camera interview of the parties' minor child pursuant to R.C.3109.04(B)(1). At trial, however, Appellant failed to raise his earlier request to have the trial court interview the minor child. As the Ohio Supreme Court held in Schade v. Carnegie BodyCo. (1982), 70 Ohio St.2d 207, 210, "the fundamental rule is that an appellate court will not consider any error which could have been brought to the trial court's attention, and hence avoided or otherwise corrected." See, Winkler v. Winkler, 10th Dist. Nos. 02AP-937, 02AP-1267, 2003-Ohio-2418, at ¶ 52, citingState v. Peagler (1996), 76 Ohio St.3d 496, 499. Because Appellant failed to raise the issue of the trial court's failure to interview the minor child at a time when the trial court could have corrected the error, Appellant waived the issue for purposes of appeal. Winkler, supra, at ¶ 52.
 {¶ 7} Appellant cites several cases in support of his contention that, under R.C. 3109.04(B)(1), a trial court is required to conduct an in camera interview if a party requests the interview. However, as none of the cited cases involve the waiver issue implicated herein, we find these cases distinguishable from the within matter. See Dolub v.Chmielewski, 9th Dist. No. 22405, 2005-Ohio-4662; Riggle v.Riggle (Sept. 26, 2001), 9th Dist. No. 01CA0012; Leasure v.Leasure (Mar. 12, 1998), 8th Dist. No. 72415, at *3 (appellant renewed request for in camera interview on numerous occasions during trial court hearing); Scassa v. Scassa (July 7, 1998), 7th Dist. No. 688 (appellant repeatedly requested an in camera interview throughout the hearing process); Badgett v. Badgett
(1997), 120 Ohio App.3d 448, 451 ("appellant objected for the record several times to the lack of an interview with the child"). Here, the trial court specifically afforded the parties the opportunity to raise objections or motions. The court repeatedly asked the parties whether they had "[a]ny other issues that needed to be resolved?" In addition, the court specifically instructed the parties that she wanted to resolve any of their issues "verbally now rather than later." The record reflects that Appellant failed to raise his request for an in camera interview at any time during the hearing. As such, he has waived this issue on appeal. Appellant's sole assignment of error is therefore overruled.
 III. {¶ 8} Appellant's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J. Whitmore, J. concur.