[Cite as *Cochran v. Cochran*, 2011-Ohio-1644.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

LESLIE D. COCHRAN,                              :

    Plaintiff-Appellee,                       :        Case No.   10CA15

    vs.                                                  :

LEEANNA C. COCHRAN,                         :        DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                      :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:        Brigham M. Anderson, 408 Park Avenue, Ironton, Ohio
                                     45638

COUNSEL FOR APPELLEE:          Randall L. Lambert, 215 South 4th Street, Ironton, Ohio
                                     45638
_____
CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 3-29-11

ABELE, J.

{¶ 1}   This is an appeal from a Lawrence County Common Pleas Court judgment that denied a motion to modify the shared parenting plan entered into between Leanna C. Cochran, defendant below and appellant herein, and Leslie D. Cochran, plaintiff below and appellee herein.

{¶ 2}   Appellant raises the following assignments of error for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT'S DECISION THAT IT WAS NOT IN THE CHILDREN'S BEST INTEREST TO MODIFY THE SHARED PARENTING PLAN WAS AN ABUSE OF DISCRETION AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT COMMITTED ERROR WHEN IT FOUND 'NO NEED FOR A GUARDIAN AD LITEM FOR THE CHILDREN.'"

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT COMMITTED ERROR BY NOT ALLOWING INTO EVIDENCE TESTIMONY OF A PARTY THAT WAS INCONSISTENT WITH PRIOR SWORN TESTIMONY."

{¶ 3} The parties married in 1995 and subsequently had two children (born April 6, 1997 May 16, 2000). In January 2008, the trial court granted the parties a divorce and determined that it would be in the children's best interests for the parents to share parenting. The court, however, designated appellee the residential parent for school purposes.

{¶ 4} On April 14, 2009, appellant filed a motion for a change in custody and alleged that a change in circumstances had occurred.[1] Appellant asserted that: (1) she remarried and moved to a new home in Parkersburg, West Virginia; (2) the children desire to live with her; (3) appellee has "intentionally disrupted the parental relationship between the children and

---

[1] We are unsure about the standard employed to decide the motion in the case sub judice. Generally, courts may modify the terms of a shared parenting plan incorporated into a decree upon the request of one or both parents or upon the court's own motion if modification is in the best interest of the child. If a court terminates a shared parenting decree, the court must issue a modified decree for the allocation of parental rights and responsibilities for the case of the children as if no shared parenting decree had been granted, and as if no request for shared parenting had ever been made. R.C. 3109.04(E)(2)(b), (c) and (d). Thus, courts need not find a change in circumstances to terminate a shared parenting plan.

appellant"; (4) appellee "has failed to communicate in any aspect with [appellant] with regard to the children," but rather communicates with appellant through the children; (5) the children's grades have declined since the divorce; (6) the children are not properly cared for in appellee's home; and (7) the children reside primarily with appellee's mother.   Thus, appellant requested the court to designate her the sole residential parent.

{¶ 5}   In October and November 2009, the magistrate conducted an evidentiary hearing. During the hearing, the magistrate also interviewed the children in chambers.   The children advised the magistrate that appellant has talked to them "a bunch of times" about the proceedings and told them "to do what God wants [them] to."   The children stated that they would like to live with appellant "[b]ecause she says our prayers with us," and because she stays with them until they fall asleep.   The children stated that they "have a bond with her."

{¶ 6}   On November 19, 2009, the magistrate determined that a change in circumstance had not occurred.   Thus, although the magistrate observed that the parties presented "a substantial amount of evidence * * * related to the best interest analysis,"   because a change in circumstance had not occurred, it was not necessary to engage in a best interest analysis.

{¶ 7}   Appellant objected to the magistrate's decision and asserted, inter alia, that the children's stated desire to live with her constituted a sufficient change in circumstance.

{¶ 8}   In March 2010, the trial court held a hearing regarding appellant's objections.   At the hearing, appellant's counsel pointed out that the magistrate's decision addressed only the change in circumstance issue and did not discuss whether the modification would be in the children's best interest.   Counsel then stated that if the trial court sustained his objection regarding the magistrate's failure to find a change in circumstance, the court had "a couple of

options.   Either send it back to the Magistrate to review that best interest analysis cause he's the one that heard the evidence, he's the one that spoke with the children.   Or the court can make a ruling upon the best interest based upon the transcript or the court itself can take more evidence. Interview the children again, which I would suggest.   Appoint a [guardian ad litem], which I would suggest, in order to accomplish that best interest task."   The trial court judge explained that he believed that he had knowledge of the facts and the discussions with the children and that he was not inclined to appoint a guardian ad litem or to remand this matter to the Magistrate for further analysis.   The judge observed, correctly so, that the parties "have spent a tremendous amount of energy and resources."   Appellant's counsel agreed with this observation.

{¶ 9}   In response to the trial court judge's statement that "a joint custody plan" is his "preference," appellant's counsel stated that appellant was requesting joint custody.   Counsel asserted that appellant (1) wished to change the parties' current shared parenting plan so that appellant receives the parenting time appellee presently shares with the children, and appellee receives the time appellant currently shares with the children and (2) wished to be named the residential parent for school purposes.   The trial court judge encouraged the parties to settle the matter and advised them that he would issue a decision in approximately seven days.

{¶ 10}  On March 16, 2010, the trial court sustained appellant's objection to the magistrate's decision and found that a change in circumstance had, in fact, occurred.   The court also engaged in a detailed best interest analysis and determined that a modification of custody would not serve the children's best interests.   This appeal followed.

{¶ 11} Because we find appellant's second assignment of error dispositive of this appeal, we consider it first.   In her second assignment of error, appellant asserts that the trial court erred

by failing to appoint a guardian ad litem.

{¶ 12} R.C. 3109.04(B)(2)(a) requires a trial court to appoint "a guardian ad litem upon the motion of a parent if the court intends to privately interview a child in a custody dispute." State ex rel. Papp v. James (1994), 69 Ohio St.3d 373, 377, 632 N.E.2d 889. We have previously held, however, that a parent may waive any error if the parent fails to request the court to appoint a guardian ad litem before the court interviews the child. See Purvis v. Purvis (Feb. 4, 2002), Adams App. No. 00CA703; see, also, Venuto v. Pochiro, Mahoning App. No. 02CA225, 2004-Ohio-2631 (concluding that parent waived failure to appoint guardian ad litem when parent failed to request appointment before court interviewed child).

{¶ 13} In the case at bar, appellant did not request a guardian ad litem before the magistrate interviewed the children. Instead, appellant requested the court appoint a guardian ad litem at the objections hearing. The trial court, however, understandably expressed its desire to conclude this protracted litigation. Appellant maintained that the purpose of the hearing on the objections was to consider whether a change in circumstances had, in fact, occurred, but not engage in the best interest analysis. Nevertheless, by waiting until the eleventh hour to request a guardian ad litem, appellant arguably waived the right to challenge the court's failure to appoint a guardian ad litem. We may, however, recognize an error under certain circumstances.

{¶ 14} We fully recognize that the plain error doctrine is not favored in civil cases and is applied only in circumstances that seriously affect the fairness, integrity, or public reputation of the judicial process. Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, 679 N.E.2d 1099, syllabus. In the case at bar, we note that the children's wishes, as expressed to the magistrate, conflict with the trial court's ultimate decision to maintain appellee as the residential parent for

school purposes. However, in light of the children's wishes and their respective ages, we believe that under the unique facts present in the case at bar, the absence of a guardian ad litem, who could have fully and independently investigated the situation, calls into question one important factor of the trial court's decision. We further caution, however, that a request for a guardian ad litem must ordinarily be made before a court interviews the child. To permit, as a matter of routine, litigants to raise this issue at the eleventh hour may require a court to hold the hearing anew and undoubtedly would waste judicial resources. Raising the guardian ad litem issue before the court interviews the children would obviate any need for a new hearing. Therefore, we limit our holding to the specific facts of this case.

{¶ 15} Accordingly, based upon the foregoing reasons, we hereby sustain appellant's second assignment of error and remand this matter so that a guardian ad litem may be appointed for the children and that the court may conduct further proceedings.[2] Because our decision requires the trial court to conduct a further hearing to ascertain the children's best interests after it appoints a guardian ad litem, we find appellant's remaining assignments of error moot and we decline to address them. See App.R. 12(A)(1)(c).

> JUDGMENT REVERSED AND CAUSE
> REMANDED FOR FURTHER
> PROCEEDINGS CONSISTENT WITH
> THIS OPINION.
> JUDGMENT ENTRY

---

[2] As an aside, we question whether the court and the parties referenced the proper standard for modifying the shared parenting agreement in the case at bar. Appellant initially requested "full custody," but then apparently changed her mind and requested only that the court designate her the residential parent for school purposes. We have previously held that modifying which parent is the residential parent for school purposes is not a reallocation of parental rights and responsibilities, but rather, is a modification of a term of a shared parenting plan. See Picciano v. Lowers, Washington App. No. 08CA38, 2009-Ohio-3780, at ¶24; In re Beekman, Pike App. No. 03CA710, 2004-Ohio-1066, at ¶15.

It is ordered that the judgment be reversed and cause remanded for further proceedings.

Appellant shall recover of appellee the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County

Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

Harsha, P.J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.