[Cite as *Phillips v. Phillips*, 2014-Ohio-248.]

STATE OF OHIO )
)ss:
COUNTY OF LORAIN )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

LISA PHILLIPS

    Appellant

    v.

DONALD PHILLIPS

    Appellee

C.A. No.    13CA010358

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    00NU057447

DECISION AND JOURNAL ENTRY

Dated: January 27, 2014

MOORE, Presiding Judge.

{¶1} Appellant, Lisa Phillips, appeals the order of the Lorain County Court of Common Pleas, Domestic Relations Division, that granted custody of her two minor children to their father, Donald Phillips. This Court affirms in part and reverses in part.

I.

{¶2} Lisa and Donald Phillips dissolved their marriage in 2000, entering into a shared parenting plan with respect to their two minor children, S.P. and M.P. The shared parenting plan designated Ms. Phillips as the residential parent. Within a few years, Ms. Phillips relocated to Kentucky with the children. Mr. Phillips maintained some contact with the children, but the extent of the contact was limited. Ms. Phillips also has another daughter whose father is not Mr. Phillips, and while the family lived in Kentucky, her relationship with Ms. Phillips deteriorated. That daughter, Randi, is now an adult. Although Randi has no ongoing relationship with Ms. Phillips, she has maintained relationships with her younger siblings.

{¶3} In February 2012, Ms. Phillips and her sixteen-year-old daughter S.P. had an altercation that resulted in S.P.'s detention on charges of assault. Randi learned of the incident and called Mr. Phillips, who travelled to Kentucky that night, appeared in court the following day, and was awarded temporary custody of S.P. by the Kentucky court. Mr. Phillips moved the trial court in Lorain County to terminate the shared parenting agreement and designate him as the residential parent of S.P. and M.P. and to terminate his child support obligation. Prior to the hearing on the motion, Mr. Phillips moved the trial court to conduct an in camera interview of S.P. and M.P. and to appoint a guardian ad litem. Although the trial court interviewed the children, it did not appoint a guardian ad litem. Ms. Phillips, who represented herself during the trial court proceedings, did not object.

{¶4} The trial court terminated the shared parenting agreement, designated Mr. Phillips as the residential parent and legal custodian of S.P. and M.P., terminated his child support obligation, and ordered Ms. Phillips to pay child support based on imputed income. The trial court permitted visitation between Ms. Phillips and the children provided that she undergo substance abuse and anger management counseling. Ms. Phillips appealed, and she has asserted four assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ABUSED ITS DISCRETION WITH REGARD TO ALLOCATING PARENTAL RIGHTS AND RESPONSIBILITIES BETWEEN THE PARTIES.

{¶5} Ms. Phillips' first assignment of error makes two arguments: first, that the trial court's journal entry is deficient because it does not explicitly mention that the trial court considered all of the factors set forth in R.C. 3109.04 with respect to the best interests of the

children, and second, that the trial court's order evidences bias against Ms. Phillips and constitutes an abuse of discretion. This Court does not agree.

{¶6} Ms. Phillips does not argue that the trial court erred in terminating the shared parenting plan. Indeed, she testified at trial that she agreed with Mr. Phillips that shared parenting did not work for their situation. Instead, Ms. Phillips' arguments relate to the reallocation of parental rights and responsibilities once the shared parenting agreement was terminated.

{¶7} This Court has recently explained the obligations of a trial court under R.C. 3109.04(E)(2)(d), once a shared parenting plan has been terminated:

> After the trial court terminates the prior shared parenting plan, the court shall "issue a modified decree for the allocation of parental rights and responsibilities for the care of the children * * * as if no decree for shared parenting had been granted and as if no request for shared parenting ever had been made." When allocating parental rights and responsibilities, the court must take into account the best interest of the children. R.C. 3109.04(B)(1). "To determine what is in the best interest of the child[ren] for the purpose of determining how to reallocate parental rights, the trial court must consider the factors set forth in R.C. 3109.04(F)(1).

(Internal citations omitted.) *Bentley v. Rojas*, 9th Dist. Lorain No. 10CA009776, 2010-Ohio-6243, ¶ 19. Under R.C. 3109.04(F)(1), a trial court must consider all relevant factors, including, but not limited to: (1) the wishes of the parents, (2) the wishes of the children expressed during an in camera interview, if any, (3) the interaction of the children with parents, siblings, and others who significantly impact their best interests, (4) the children's adjustment to their home, school, and community, (5) the mental and physical health of everyone involved, (6) which parent is more likely to honor and facilitate parenting time for the other parent, (7) the parents' record of honoring child support obligations, (8) the history of the parents and other household members regarding child abuse and neglect, as explained by R.C. 3109.04(F)(1)(h), (8) whether

either parent has thwarted parenting time under a court order, and (9) whether either parent resides outside the state of Ohio.

{¶8}    Ms. Phillips' first argument is that the trial court erred by determining this matter without reference to the best interest factors set forth above.   Although R.C. 3109.04(F)(1) requires a trial court to consider each of these factors, explicit findings need not be reiterated in the judgment entry unless a party requests findings of fact and conclusions of law under Civ.R. 52. *Matis v. Matis*, 9th Dist. Medina No. 04CA0025-M, 2005-Ohio-72, ¶ 6.   Instead, it must be apparent from the record that the trial court considered the best interest factors in its decision.  *In re M.T.*, 9th Dist. Wayne No. 11CA0026, 2012-Ohio-534, ¶ 7-9.  *See also Chelman v. Chelman*, 2d Dist. Greene No. 2007 CA 79, 2008-Ohio-4634, ¶ 39 ("[T]he judgment entry must still refer to some evidence which supports the elements of the applicable statute."); *Hubbard v. Anderson*, 4th Dist. Scioto No. 96CA2440, 1998 WL 34150, * 4 (Jan. 21, 1998) (concluding that a judgment was sufficient under R.C. 3109.04(F)(1) when "[t]he findings set forth in the court's decision, while not expressly designated as such, are all quite clearly R.C. 3109.04(F)(1) 'best interest' findings.").

{¶9}    In this case, the trial court did not explicitly state that its findings were made pursuant to R.C. 3109.04(F)(1), but it is clear that the statute formed the foundation for the trial court's decision.  The trial court's findings relate to each of the best interest factors relevant to this case.  Of particular note is the considerable detail related to the relationships between Ms. Phillips and each of her children and the children's relationships to each other as well as the relationships between the parents and their respective spouses.  Although it is the best practice for the trial court to specifically reference the factors set forth in R.C. 3109.04(F)(1), we cannot conclude that the trial court's analysis was deficient in this case.

{¶10} Ms. Phillips' second argument is that the trial court's decision to designate Mr. Phillips as residential parent and to award legal custody of S.P. and M.P. to him reflects an abuse of discretion. Because a trial court exercises discretion in considering the factors set forth in R.C. 3109.04(F)(1), we will not reverse a decision regarding the allocation of parental rights and responsibilities in the absence of an abuse of discretion. *Bentley*, 2010-Ohio-6243, at ¶ 17. *See generally Masters v. Masters*, 69 Ohio St.3d 83, 85 (1994) ("It has long been a recognized rule of law that for a reviewing court to overturn a trial court's determination of custody, the appellate court must find that the trial court abused its discretion."). An abuse of discretion connotes more than an error of law or judgment, reflecting an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. *Id.*

{¶11} Ms. Phillips has argued that the trial court's decision is tainted by evident bias against her. We have reviewed the record in this matter, including the in camera interviews of the children, which were filed under seal, and we do not agree that the trial court abused its discretion. The record confirms that S.P. and Ms. Phillips have a strained relationship, at best, while S.P. enjoys a good relationship with M.P. as well as Mr. Phillips, his current wife, and her children. As the trial court noted, S.P. has adjusted well to her home, school, and community in Ohio, while M.P. is well-adjusted to his school in Kentucky.

{¶12} The trial court made numerous findings with respect to Ms. Phillip's relationship with her current husband and her eldest daughter that bear, at least indirectly, on questions of mental health and substance abuse. The record supports these findings. More specifically, the evidence established that Ms. Phillips married a man whom she had known only briefly without knowledge of his criminal history; that their relationship was marked by repeated, horrific incidents of domestic violence, during which, on at least one occasion, M.P. was in the home;

and that Ms. Phillips' relationship with Randi was, likewise, marked by physical violence. In that respect, Randi testified that she had also witnessed incidents of violence between Ms. Phillips and S.P. that included pushing, hitting, and smacking. Randi also testified that Ms. Phillips has a "very bad drinking problem." Although Ms. Phillips denied that characterization, she confirmed that she had twice been charged with public intoxication. The record also confirms, as the trial court noted, that S.P. and M.P. have been placed in foster care on more than one occasion. As the trial court found, the record confirms that Mr. Phillips was current in his child support obligations at the time of the hearing and that Ms. Phillips has continuously lived outside of Ohio for many years. Although the trial court noted communication problems between Ms. Phillips and Mr. Phillips, it does not appear from the record that honoring visitation schedules has been an issue between the parties.

{¶13} Given the trial court's findings, which are supported by the evidence in the record, we cannot conclude that it was an abuse of the trial court's discretion to designate Mr. Phillips as residential parent and award legal custody to him. While it is clear that Ms. Phillips disagrees with the testimony of her eldest child, the trial court had the advantage of viewing the demeanor of the witnesses and judging their credibility. "'In proceedings involving the custody and welfare of children the power of the trial court to exercise discretion is peculiarly important. The knowledge obtained through contact with and observation of the parties and through independent investigation can not be conveyed to a reviewing court by the printed record.'" *Bechtol v. Bechtol*, 49 Ohio St.3d 21, 23 (1990), quoting *Trickey v. Trickey*, 158 Ohio St. 9, 13 (1952). There is no indication of bias evident from the record in this case. What Mother references as bias is, in the context of her argument, a complaint that the court chose to credit the testimony of other witnesses who testified contrary to Mother. Of course, such a determination

is inherent in the responsibilities of a fact finder. *See Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 21, quoting *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984) fn.3.

{¶14}  Ms. Phillips' first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT'S ORDER RELATING TO [MS. PHILLIPS'] VISITATION RIGHTS IS CONTRADICTORY AND REPRESENTS AN ABUSE OF DISCRETION.

{¶15}  Ms. Phillips' second assignment of error argues that the trial court abused its discretion with respect to the terms of her visitation with S.P. and M.P. Because the terms of the trial court's order are clear, we disagree.

{¶16}  The trial court's order provides:

Mother, Lisa Phillips, shall have companionship with the minor children as follows, conditioned upon Mother engaging and completing substance abuse treatment/counseling and anger management counseling, *and providing proof of same to the Court of the commencement date of said services*[.]

* * *

If Mother fails to provide *verification of the commencement of counseling as previously ordered*, then visitation is hereby suspended and will not occur until Mother provides same.

(Emphasis added.)  According to the plain terms of the trial court's order, the trial court ordered visitation that may be suspended if Ms. Phillips fails to provide verification that she has commenced substance abuse counseling.  Ms. Phillips has not argued that the trial court erred by ordering her to participate in counseling.  Therefore, because the terms of the order are clear. Ms. Phillips' assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT'S CHILD SUPPORT AWARD IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶17}** Ms. Phillips' third assignment of error argues that the trial court erred by imputing income to her without expressly finding that she was voluntarily unemployed and, in the alternative, that the child support award is against the manifest weight of the evidence.

**{¶18}** "In determining the appropriate level of child support, a trial court must calculate the gross income of the parents. When a parent is unemployed, income includes potential income that may be imputed to the parent by the trial court." *Bajzer v. Bajzer*, 9th Dist. Summit No. 25635, 2012-Ohio-252, ¶ 11, citing R.C. 3119.01(C)(5)/(11) and R.C. 3119.05. This Court has held that before income can be imputed for purposes of a child support calculation, however, the trial court must explicitly find that the parent is voluntarily unemployed or underemployed. *Marek v. Marek*, 158 Ohio App.3d 750, 2004-Ohio-5556, ¶ 14 (9th Dist.) (construing former R.C. 3113.215(A)(5)).

**{¶19}** The trial court imputed full-time employment at minimum wage to Ms. Phillips, but did not explicitly find that she is voluntarily unemployed or underemployed. Her third assignment of error is sustained on this basis, and her arguments regarding the weight of the evidence supporting her child support obligation are premature.

**{¶20}** Ms. Phillips' third assignment of error is sustained.

### ASSIGNMENT OF ERROR IV

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO APPOINT A GUARDIAN AD LITEM AS REQUIRED BY R.C. 3109.04(B)(2)(A).

**{¶21}** Ms. Phillips' final assignment of error argues that the trial court erred by failing to appoint a guardian ad litem in response to Mr. Phillips' motion.

**{¶22}** Under R.C. 3109.04(B), a trial court may conduct an in camera interview of the children in the course of determining their best interests. If either parent requests an in camera

interview, however, the trial court must grant the request. R.C. 3109.04(B)(1). Similarly, if the trial court conducts an in camera hearing and either parent requests the appointment of a guardian ad litem, the trial court must grant the request. R.C. 3109.04(B)(2). This Court has determined that the requirements of R.C. 3109.04(B) are mandatory in nature and must be strictly followed. *Dolub v. Chmielewski*, 9th Dist. Summit No. 22405, 2005-Ohio-4662, ¶ 4, citing *Riggle v. Riggle*, 9th Dist. Wayne No. 01CA0012, 2001 WL 1133764, * 4 (Sept. 26, 2001). "[I]f a party requests an interview one must be given, and if a parent requests that a guardian ad litem be appointed the appointment must be made. Only if no request as to one or both is made by a party may the court use its discretion." *Badgett v. Badgett*, 120 Ohio App.3d 448, 452 (7th Dist.1997).

**{¶23}** Consequently, we have concluded that "'[f]ailure to strictly follow the mandates of the statute is reversible error, even where the trial court has made a thoughtful and conscientious decision.'" *Dolub* at ¶ 4, quoting *McClanahan v. Willenbrink*, 12th Dist. Clermont No. CA99-11-111, 2000 WL 628229, * 4 (May 15, 2000). Nonetheless, the doctrine of forfeiture also applies in this context. *See Miracle v. Allen*, 9th Dist. Lorain No. 05CA008843, 2006-Ohio-5063, ¶ 6-7. In *Miracle*, the appellant requested an in camera interview of the child, but did not mention his request again at trial despite the fact that the interview had not been conducted. *Id*. at ¶ 3, 6. This Court acknowledged the mandatory nature of R.C. 3104.09(B), but applied "'the fundamental rule * * * that an appellate court will not consider any error which could have been brought to the trial court's attention, and hence avoided or otherwise corrected.'" *Id*. at ¶ 6, quoting *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 210 (1982).

**{¶24}** We are mindful that it was Mr. Phillips who requested the appointment of a guardian ad litem rather than Ms. Phillips. For purposes of this discussion, we assume without

deciding that Ms. Phillips was aggrieved by the trial court's failure to appoint a guardian ad litem. Nonetheless, this is not the "extremely rare" situation in which plain error should be recognized in a civil case. *Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997), syllabus. The Ohio Supreme Court has explained that:

> In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.

*Id.* This is a "very high standard." *Perez v. Falls Financial, Inc.*, 87 Ohio St.3d 371, 375 (2000).

{¶25} The trial court interviewed both children in camera and, as reflected in the judgment entry, considered their wishes with respect to custody. The hearing on this matter was extensive, and the trial court afforded considerable latitude to Ms. Phillips, who proceeded pro se. Ms. Phillips cross-examined each witness in detail and presented her own testimony, albeit in narrative form. It is evident from the record that the trial court was faced with difficult determinations of credibility, based in part on the thoroughness with which Ms. Phillips presented her case. In this respect, we note that the recommendations of a guardian ad litem are one relevant factor for purposes of the best interest analysis under R.C. 3109.04(F), but they are not determinative in and of themselves. *See Mogg v. McCloskey*, 7th Dist. Mahoning No. 12 MA 24, 2013-Ohio-4358, ¶ 23, quoting *Collins v. Collins*, 12th Dist. Clinton No. CA2000-09-023, 2001 WL 1218900, * 3 (Oct. 15, 2001).

{¶26} Using the plain error standard, we cannot agree that the trial court's failure to appoint a guardian ad litem at Mr. Phillips' request impacted the "basic fairness, integrity, or public reputation of the judicial process" in a way that undermined the legitimacy of the judicial

process, thereby challenging the legitimacy of the underlying judicial process itself. *See Goldfuss* at syllabus. Ms. Phillips' fourth assignment of error is overruled.

### III.

**{¶27}** Ms. Phillips' first, second, and fourth assignments of error are overruled. Her third assignment of error is sustained to the extent that the trial court erred by imputing income without explicitly finding Ms. Phillips to be voluntarily unemployed or underemployed, but the remaining arguments in her third assignments of error are premature. This matter is affirmed in part and reversed in part, and the case is remanded to the trial court for proceedings consistent with our resolution of Ms. Phillips' third assignment of error.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

---

CARLA MOORE
FOR THE COURT


HENSAL, J.
CONCURS.

BELFANCE, J.
DISSENTING.

{¶28} I respectfully dissent from the judgment of the majority because I would conclude

that the trial court committed reversible error in failing to appoint a GAL for the children.

{¶29} R.C. 3109.04(B) provides:

(B)(1) When making the allocation of the parental rights and responsibilities for the care of the children under this section in an original proceeding or in any proceeding for modification of a prior order of the court making the allocation, the court shall take into account that which would be in the best interest of the children. In determining the child's best interest for purposes of making its allocation of the parental rights and responsibilities for the care of the child and for purposes of resolving any issues related to the making of that allocation, the court, in its discretion, may and, upon the request of either party, shall interview in chambers any or all of the involved children regarding their wishes and concerns with respect to the allocation.

(2) If the court interviews any child pursuant to division (B)(1) of this section, all of the following apply:

(a) The court, in its discretion, may and, *upon the motion of either parent, shall appoint* a guardian ad litem for the child.

(Emphasis added.)

{¶30} Under the plain language of the statute, if the trial court interviews a child in-

camera and either parent moves for the appointment of a GAL, the trial court is mandated to

appoint a GAL. Custody disputes are frequently contentious and sadly often involve one or both

parents putting the children in the middle and coaching them to take sides and/or speak badly about the other parent. This situation is particularly likely to present itself when the parents know that the children will be interviewed in-camera by the trial court. The legislature was clearly aware of this problem, as evidenced by the enactment of R.C. 3109.04(B)(2)(a). R.C. 3109.04(B)(2)(a) provides a mechanism to protect the best interest of the children during an in-camera interview by obligating the trial court to appoint a GAL when one is requested by one of the parties. In the face of the tug of war that is often present in custody matters, the GAL provides the court with a more intimate and balanced picture of the parties and their children over repeated meetings in their home environment rather than a single snapshot obtained by the trial court in an unnatural court setting. The record is clear that Mr. Phillips requested that the trial court interview the children in-camera and requested that a GAL be appointed. Pursuant to R.C. 3109.04(B)(2)(a), the statute mandated the trial court to appoint a GAL.

{¶31} This Court has not considered this precise issue. In the context of mandamus proceedings, the Ohio Supreme Court has observed that R.C. 3109.04(B) plainly requires appointment of a GAL if the court intends to interview the child. *State ex rel v. Papp v. James*, 69 Ohio St.3d 373, 375 (1994). Many of our sister courts have concluded that R.C. 3109.04(B)(2)(a) is mandatory in nature and requires strict compliance. Hence, the failure to appoint a GAL where a request for appointment and an in-camera interview is made is reversible error and in some instances plain error. *See, e.g., Cochran v. Cochran*, 4th Dist. Lawrence No. 10CA15, 2011-Ohio-1644, ¶ 13-14 (finding plain error when court failed to appoint GAL when appellant requested a GAL be appointment after the in-camera interview); *McClanahan v. Willenbrink,* 12th Dist. Clermont No. CA99-11-111, 2000 WL 628229, *2 (May 15, 2000) ("R.C. 3109.04(B) is mandatory in nature, and the trial court must strictly follow its procedures.

Once a motion is made to interview the child and appoint a guardian ad litem for the child, the trial court is required to conduct such an interview and appoint a guardian ad litem."); *Badgett v. Badgett,* 120 Ohio App.3d 448, 452 (7th Dist.1997) (failure to strictly follow the statute is reversible error even when trial court has made a thoughtful and conscientious decision).

**{¶32}** This Court has previously examined a trial court's failure to conduct an in-camera interview after a request was made under R.C. 3109.04(B). We concluded that the "[f]ailure to strictly follow the mandates of the statute is reversible error, even where the trial court has made a thoughtful and conscientious decision." (Internal quotations and citations omitted.) *Dolub v. Chmielewski,* 9th Dist. Summit No. 24405, 2005-Ohio-4662, ¶ 4. Subsequent to *Dolub*, in *Miracle v. Allen,* 9th Dist. Lorain No. 05CA008843, 2006-Ohio-5063, this Court concluded that a party forfeits all but plain error on appeal where a motion for in-camera interview is made and the trial court fails to take action upon it when the party did not raise the issue subsequently during the proceedings. *Miracle* at ¶ 6. Notably, *Miracle* represented a departure from this Court's precedent in *Dolub*. However, our holding in *Dolub* was clear and there was nothing in *Dolub* to suggest that it was premised upon the appellant renewing her motion subsequent to requesting the in-camera interview.

**{¶33}** *Miracle* involved the waiver/forfeiture of the right to an in-camera interview, not the accompanying appointment of a GAL under the statute and so it is distinguishable from this case on that basis alone. *See Miracle* at ¶ 6. Regardless, I would not apply the reasoning of *Miracle* to the instant matter given the critical difference in the posture of the proceedings. *Dolub* and *Miracle* address the circumstance where the trial court did not take *any* action under the statute and thus, an in-camera interview did not influence the decision on the merits. *But see Mangan v. Mangan,* 2d Dist. Greene No. 07-CA-100, 2008-Ohio-3622, ¶ 24 (disagreeing with

appellate districts that require a showing of prejudice in order to reverse based on the trial court's failure to conduct an in-camera interview upon request). However, once the trial court conducts an in-camera interview, the court obtains information and a perspective that could be at odds with the reality of the circumstances when viewed through the lens of mature adults and in particular, an objective third-party, i.e. the GAL.[1] Hence, the information provided by the GAL can assist the trial court in evaluating the information adduced during the private in-camera interview of the child and can provide a greater assurance that the trial court will be fully informed when determining the child's best interests.

{¶34} A trial court that must make custody decisions is placed in the unenviable position of making a decision that will indelibly impact the future of a child as well as the parents and extended family members. The legislature wisely imposed a mandatory requirement to appoint a GAL under circumstances where the court interviews a child and a party requests the appointment of a GAL. R.C. 3109.04(B)(2)(a). Thus, when either of the parties makes a timely request to appoint a GAL pursuant to R.C. 3109.04(B)(2)(a), I would conclude such a request is all that is required to put the trial court on notice that it has a nondiscretionary obligation under the statute. A trial court is expected to understand and follow the law and a failure to perform a mandatory duty is an error of law reversible on appeal. *Mangan* at ¶ 6. The statute is plain and the parties should not be required to have to do anything further to compel the trial court to do its duty under the statute.[2] Moreover, in light of the plain language of the statute, pro se litigants

---

[1] Notably, it is likely that the information elicited in an in-camera interview would be confidential and remain under seal. Thus, even if a child makes a patently false statement in an in-camera interview, the parents would not be able to challenge it.

[2] Further, given the language in *James*, it would appear that Ms. Phillips' remedy lies only in an appeal and not in an extraordinary writ. *See James,* 69 Ohio St.3d at 380-381.

would not know that that there is any obligation (outside the requirements within the statute) to enforce their rights or how to do so.

{¶35} Finally, once either party files a request for an in-camera interview and the appointment of a GAL, given the trial court's responsibility under the statute, there is no need for the other party to file a request for the same. *See* R.C. 3109.04(B). Irrespective of which party makes the request for appointment of a GAL, the request triggers the court's duty to appoint a GAL under the statute. Thus, although the fact that Mr. Phillips filed the motion for an in-camera interview and a request for appointment of a GAL in this case seems to give the majority some pause, the legal analysis remains the same given the trial court's duty under R.C. 3109.04(B).

{¶36} As this Court and our sister courts have recognized, there may be cases where the trial court's decision on the merits of a custody matter appears on its face to be reasonable notwithstanding its failure to comply with its statutory duties under R.C. 3109.04(B). *See, e.g., Dolub,* 2005-Ohio-4662, at ¶ 4; *Badgett,* 120 Ohio App.3d at 452. However, given the importance of the parent-child relationship and the need for the trial court to have a full and balanced perspective prior to ruling upon the child's best interests, I would hold that the trial court's failure to comply with R.C. 3109.04(B) after a timely request for appointment of a GAL has been made should constitute reversible error in and of itself. I would not conclude there has been forfeiture in this case, and thus, plain error review is inappropriate. Accordingly, I dissent.

APPEARANCES:

JOSEPH P. MCCAFFERTY, Attorney at Law, for Appellant.

JOHN S. HAYNES, Attorney at Law, for Appellee.