[Cite as *Schmitt v. Ward*, 2016-Ohio-5693.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

MELISSA M. SCHMITT

    Appellee

    v.

SHAINE E. WARD

    Appellant

C.A. No.     27805

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2007-07-2217

DECISION AND JOURNAL ENTRY

Dated: September 7, 2016

HENSAL, Judge.

{¶1}  Shaine Ward appeals a judgment entry of divorce of the Summit County Court of Common Pleas, Domestic Relations Division.  For the following reasons, this Court affirms.

I.

{¶2}  Shaine Ward and Melissa Schmitt married in 2005.  They have one child.  In 2007, Wife filed a complaint for divorce.  In 2010, the trial court entered a decree of divorce, but on appeal, this Court determined that it was not a final appealable order.  On appeal again after the trial court corrected the finality issue, this Court reversed the trial court's decision, concluding that it had improperly allowed the child custody arrangement to remain ambiguous and that it had incorrectly found that the parties' date of marriage preceded the date of their marriage ceremony.

{¶3}  On remand, the trial court held several hearings.  The first concerned the parties' property.  During the hearing, the parties agreed that Wife would release her rights to real

property they had designated "Ranch Road" if Husband removed her from the mortgage within six or seven months. At another hearing, the parties agreed to shared parenting and that Husband would pay Wife $200 per month in child support. The trial court subsequently entered its judgment. Husband has appealed, assigning four errors.

II.

JURISDICTION

{¶4} As a preliminary matter, we must address Wife's argument that the trial court's judgment is not final because it failed to resolve all of the issues before it. Specifically, she argues in her brief that the trial court failed to indicate what will happen to the proceeds if Ranch Road has to be auctioned. In its judgment entry, the trial court indicated that Husband has 45 days to refinance the property. It also wrote that, if Husband is not able to refinance the property, it must be sold at auction. According to Wife, because the judgment does not specifically indicate what will be done with the proceeds of the auction or how the proceeds will be applied to the mortgage, further action will be necessary, making the judgment not final and appealable. *See State ex rel. Keith v. McMonagle*, 103 Ohio St.3d 430, 2004-Ohio-5580, ¶ 4 ("A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order."), quoting *Bell v. Horton*, 142 Ohio App.3d 694, 696 (4th Dist.2001).

{¶5} Although the judgment does not include details about how the auction should be conducted or how the proceeds should be distributed, it refers to the fact that the parties had "reached an agreement on all property issues[.]" By referring to the parties' alleged property agreement, the judgment does, on its face, resolve all issues concerning Ranch Road. We, therefore, cannot say that it is not final and appealable. Whether the court misunderstood the scope of the parties' agreement has not been assigned as error on appeal.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN FAILING TO COMPLY WITH THIS APPELLATE COURT'S DECISIONS IN <u>WARD V. WARD</u>, 9TH DIST. NO. C.A. 25649 (NOVEMBER 19, 2010), WHEREIN THERE WAS A DIRECTIVE TO DESIGNATE PROPERTY AS SEPARATE OR MARITAL; AND FURTHER, THE CASE OF <u>WARD V. WARD</u>, 2012-OHIO-5658, 9TH DIST. NO. C.A. 26372 (DECEMBER 5, 2012) WHEREIN THE APPELLATE COURT AGAIN DIRECTED THE COURT TO PROPERLY APPLY THE PHRASE "DURING THE MARRIAGE" TO THAT PROPERTY THAT WAS SEPARATE PROPERTY PRIOR TO THE CEREMONIAL MARRIAGE DAY.

{¶6} Husband argues that the trial court failed to follow this Court's remand instructions. According to him, the court was required to find that Ranch Road was his separate property because he acquired it before the marriage. Concerning Ranch Road, he notes that there is testimony in the record that indicates that the property is currently owned by an LLC. Husband also argues that there is confusing language in the judgment regarding Ranch Road. He also argues that the court did not have jurisdiction to place a condition on his ability to retain Ranch Road or to order him to sell his separate property. He further argues that a journal entry the trial court issued on August 12, 2014, was not valid because it was not signed by his counsel.

{¶7} Many of Husband's arguments ignore the fact that he entered into an agreement with Ms. Schmitt at a hearing on April 30, 2014, concerning the property he owned before the marriage, which included Ranch Road. The trial court's judgment entry simply incorporates the agreement that the parties reached at that time. The court's journal entries did not have to be signed by Husband's counsel. In addition, we note that Husband is not correct about his assertion that he was entitled to all of his separate property. Ohio Revised Code Section 3105.171(D) provides that there are times when a court does not have to distribute a spouse's separate property to that spouse. It even provides instructions for what a court must do if it "does not disburse a spouse's separate property to that spouse[.]" *Id.*

{¶8}    Regarding Husband's argument that the judgment entry is confusing, we agree that there is some language that may initially appear unclear.  In its judgment, the court made a series of findings.  In finding #1, it acknowledged that the parties reached an agreement on all property issues on the record.  The court's subsequent findings go on to describe some of the specific terms of that agreement.  For example, in finding #2, it explained what the parties agreed to about the dates of the marriage.  In finding #3, it described the parties' agreement about the disposition of Ranch Road.  Because their agreement about Ranch Road included a condition subsequent, the trial court also included findings about whether the conditions had been met.  In finding #4, the court explained the parties' agreement about a different parcel of real property.

{¶9}    Upon review of the record, we conclude that the trial court's judgment is consistent with the parties' agreement about the disposition of their separate and marital property.  Husband's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN NOT RECOGNIZING BOTH SCUPPER ROAD AND 10-24 RANCH ROAD AS BEING SEPARATE PROPERTIES.  IN MOVING FORWARD BY ATTEMPTING TO TAKE CONTROL OVER SAID PROPERTIES BY WAY OF ALLEGING THE PROPERTIES WOULD BE SOLD AND/OR AUCTIONED WHEN ALL OF THE OWNERS OF THAT PROPERTY WERE NOT BEFORE THE COURT.

{¶10}   In his second assignment of error, Husband argues that the trial court did not have jurisdiction over the entity that actually owns Ranch Road.  He, therefore, contends that the court did not have authority to order the property sold or auctioned.

{¶11}   Husband testified that, at the time of he entered into the agreement about Ranch Road, he owned and controlled 100% of the entity that owned the property.  At the hearing in which the agreement was made, Husband agreed that he would attempt to refinance the property to remove Wife's name from the Note.  He also agreed that he would let the court direct him

what to do with Ranch Road if he was unable to refinance it.[1] That is exactly what the trial court did in its judgment entry when it ordered him to auction the property if he was unable to refinance it within 45 days. Whether the judgment is enforceable against the current owner of Ranch Road is not the issue.[2] Husband cannot now claim that he should not be ordered to do what he agreed to. Regardless whether Husband transferred Ranch Road to another entity and thereby lost the ability to control its disposition or never had such control in the first place, he simply put himself at personal risk if he is unable to comply with the terms of the parties' property agreement. Husband's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

> THE TRIAL COURT ERRED IN THE JOUNRAL ENTRY OF APRIL 15, 2015[,] BY FAILING TO COMPLY WITH THE SUMMIT COUNTY DOMESTIC RELATIONS COURT, LOCAL RULES OF COURT. LOCAL RULE 17: CHILD SUPPORT AND HEALTH INSURANCE ORDERS UNDER SECTION 17.01 SUPPORT ORDERS, REQUIRES UNDER SUB-SECTION (D), THAT THE CHILD SUPPORT ORDERS SHALL CONTAIN A CHILD SUPPORT WORKSHEET. THE TRIAL COURT FAILED TO ATTACH A CHILD SUPPORT WORKSHEET TO SUPPORT ITS CALCULATION OF CHILD SUPPORT TO BE PAID BY THE APPELLANT/HUSBAND TO THE APPELLEE/WIFE.

{¶12} Husband next argues that the trial court failed to attach a child support worksheet to its judgment, which was required under local rule. Rule 17 of the Summit County Court of Common Pleas, Domestic Relations Division provides that "[c]hild support orders shall contain a

---

[1] Two ideas that were proposed at the hearing regarding what the court could do if Husband was not able to refinance Ranch Road were to order it sold or auctioned.

[2] Husband has not established that he has standing to make arguments on behalf of the current owner of Ranch Road even if this issue was material.

child support worksheet, and, if there is a deviation, the reason for the deviation pursuant to the statute should be stated."[3]

{¶13} A court's local rules are of its own making and are not substantive principles of law. *GMAC Mtge., L.L.C. v. Jacobs*, 196 Ohio App.3d 167, 2011-Ohio-1780, ¶ 20 (9th Dist.). Accordingly, there is generally no error if a court, in its sound discretion, deviates from its rules in a particular case. *Michaels v. Michaels*, 9th Dist. Medina No. 07CA0058-M, 2008-Ohio-2251, ¶ 13. If a local rule implicates due process, however, and the trial court's failure to follow it deprives a party of a reasonable opportunity to defend, the court is bound to comply with the rule. *Jacobs* at ¶ 20.

{¶14} Husband has not alleged that the trial court's local rule implicated his due process rights. We note that, at the hearing on child custody and support, the parties agreed that Husband would pay Wife $200 per month in child support beginning in June 2014. Accordingly, although the trial court did not attach a child support worksheet to its judgment, in light of the parties' agreement about child support, we cannot say that the court abused its discretion when it deviated from its local rule. Husband's third assignment of error is overruled.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED IN RENDERING ITS DECISION REGARDING PARENTAL RIGHTS AND RESPONSIBILITIES WHEN IT FAILED TO HAVE AN IN CAMERA INTERVIEW WITH THE PARTIES' MINOR CHILD BASED UPON THE MOTION FILED BY THE APPELLANT/HUSBAND IN THE WITHIN MATTER ON MAY 23, 2014.

---

[3] Husband's argument is limited to the fact that the court did not attach a copy of the child support worksheet to its judgment entry. He does not argue that the record does not contain a child support worksheet. *See Marker v. Grimm*, 65 Ohio St.3d 139 (1992), paragraph one of the syllabus.

**{¶15}** Husband's final argument is that the trial court erred when it failed to conduct an in camera interview with the parties' child even though he requested one before the hearing on parental rights and responsibilities. He notes that Revised Code Section 3109.04(B)(1) provides that, "upon the request of either party," a trial court "shall interview" the parties' children "in chambers * * * regarding their wishes and concerns[.]"

**{¶16}** This Court has held that, even if a party has filed a written motion for an in camera interview of the parties' minor child under Section 3109.04(B)(1), the party must raise the issue at trial in order to preserve it for appeal. *Miracle v. Allen*, 9th Dist. Lorain No. 05CA008843, 2006-Ohio-5063, ¶ 6. A party that fails "to raise the issue of the trial court's failure to interview the minor child at a time when the trial court could have corrected the error," forfeits the issue for purposes of appeal. *Id.*

**{¶17}** Husband filed a written motion requesting an in camera interview of the parties' child before the hearing on shared parenting. At the hearing, Husband's lawyer went over all of the terms of the parties' proposed shared parenting plan with Husband. The court also examined Husband about whether he was willing to cooperate on a shared parenting plan in the best interest of the child. Husband did not renew his request for an in camera interview of the child at any point during the hearing. Accordingly, he has not preserved the issue for appeal. *Id.* Husband's fourth assignment of error is overruled.

### III.

**{¶18}** Husband's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
CONCURS.

CARR, P. J.
DISSENTING.

{¶19} I respectfully dissent, as I would dismiss the appeal for lack of a final, appealable order. With regard to the disposition of the Ranch Road property, the domestic relations court issued a contingency order that presented disparate options: that Husband would be the sole owner "provided" that he refinance the property, or that the property would be sold at auction if Husband failed to secure refinancing. The judgment fails to explain how any auction proceeds

would be disbursed to the parties. Notwithstanding the trial court's assertion that the parties had "reached an agreement on all property issues," it nevertheless felt compelled to enunciate specifically the agreement regarding the Ranch Road property. Even though the parties may have agreed that the property either be refinanced or auctioned, such an agreement does not fully dispose of the property in the likely event of an auction.[4] Where the domestic relations court has not fully disposed of all issues, including the disposition of all marital and separate property, this Court lacks the jurisdiction to consider the merits of the appeal. *See Wohleber v. Wohleber*, 9th Dist. Lorain No. 06CA009018, 2007-Ohio-3964, ¶ 4-10. Accordingly, I would dismiss the appeal.

APPEARANCES:

FRANK J. CIMINO, Attorney at Law, for Appellant.

LESLIE S. GRASKE, Attorney at Law, for Appellee.

---

[4] The domestic relations court extended the time for refinancing on multiple occasions prior to the filing of this appeal, indicating either Husband's inability or refusal to refinance, and thereby increasing the likelihood of the auction contingency.